# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

E-filing

| | |
|---|---|
| LORI WADE, individually and as Personal Representative of PAUL ALAN WADE, Deceased, | **SUMMONS IN A CIVIL CASE** ON FIRST AMENDED COMPLAINT CASE NUMBER: **JCS** |
| V. | |
| Tschudi Shipping Company A.S., Rederiet Otto Danielsen, Aries Maritime Transport Ltd., First Baltic Ship Management A.S. | **C 07 5487** |

TO: (Name and address of defendant)

TSCHUDI SHIPPING COMPANY A.S., REDERIET OTTO DANIELSEN, ARIES MARITIME TRANSPORT LTD., FIRST BALTIC SHIP MANAGEMENT A.S.

c/o James J. Tamulski, Esq., Emard, Danoff, Port, Tamulski and Paetzold
49 Stevenson Street, Suite 400
San Francisco, CA 94105

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John R. Hillsman
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

OCT 29 2007
DATE
OCT 2 6 2007

**GINA AGUSTINE-RIVAS**
(BY) DEPUTY CLERK

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
LORI WADE, individually and as Personal Representative of PAUL ALAN WADE, Deceased

## DEFENDANTS
TSCHUDI SHIPPING COMPANY A.S., REDERIET OTTO DANIELSEN, ARIES MARITIME TRANSPORT LTD., FIRST BALTIC SHIP MANAGEMENT A.S.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
SANTA CRUZ COUNTY, CALIFORNIA

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
McGuinn, Hillsman & Palefsky, 535 Pacific Avenue
San Francisco, CA 94133 Tel: (415) 421-9292

**ATTORNEYS (IF KNOWN)**
Emard, Danoff, Port, Tamulski & Paetzold, 49 Stevenson St. #400
San Francisco, CA 94105 Tel: (415) 227-9455

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [x] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth In Lending | [ ] 690 Other | | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | |
| | [ ] 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

46 USC §30301 et seq. (DOHSA) Plaintiff's Decedent was killed in a collision more than 3 nautical miles off Point Reyes, California.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____    CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE 10/26/07    SIGNATURE OF ATTORNEY OF RECORD /s/

John R. Hillsman (State Bar No. 71220)
Abraham Feinstein Hillsman (State Bar No. 241810)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 421-9292

Attorneys for Plaintiff
LORI WADE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI WADE, individually and as Personal Representative of PAUL ALAN WADE Deceased,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TSCHUDI SHIPPING COMPANY A.S., REDERIET OTTO DANIELSEN, ARIES MARITIME TRANSPORT LTD., FIRST BALTIC SHIP MANAGEMENT A.S.<br><br>　　　　　　　　　Defendants. | No. C 07 5487<br><br>E-FILING<br><br>**FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH DAMAGES UNDER THE DEATH ON THE HIGH SEAS ACT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW plaintiff, LORI WADE, individually and as Special Administrator of the Estate of PAUL ALAN WADE, Deceased, who herewith complains against Defendants, and each of them, and for causes of action alleges as follows:

Complaint                                                                                                                                           1

## PRELIMINARY ALLEGATIONS
(Jurisdiction, Venue, and Capacity of the Parties)

1. Subject matter jurisdiction over this action lies on the civil side of this Court, under 28 U.S.C. §1332(a)(2), and the "saving to suitors" clauses in 28 U.S.C. § 1333(1) and 46 U.S.C. § 30308(a), as hereinafter more fully appears, in that:

    a)    It has been filed *in personam*;

    b)    It seeks damages in excess of the jurisdictional minimum, and lies between citizens of the State of California and citizens or subjects of one or more foreign states; and,

    c)    The California Superior Courts could have provided Plaintiff with a wrongful death remedy pursuant to California Code of Civil Procedure § 371.

2. PAUL ALAN WADE, Deceased, (hereinafter "Decedent") died upon the high seas beyond 3 nautical miles from the shore of the United States, as hereinafter more fully appears, and is a "decedent" within the meaning of 46 U.S.C. § 30302.

3. Plaintiff LORI WADE, is a citizen and resident of the State of California. She is the widow and "spouse" of Decedent PAUL ALAN WADE, within the meaning of 46 U.S.C. § 30302. Plaintiff LORI WADE is also the natural mother of NATHAN SAMUEL ROSE, KATY CHRISTINE ROSE, and STEPHANIE COR-RITA ROSE, and the duly appointed Special Administrator and of Decedent's Estate by order of the Superior Court for the State of California, in and for the County of Santa Cruz. Plaintiff LORI WADE brings this action in her capacity as Decedent's "personal representative" within the meaning of 46 U.S.C. § 30302.

4. ALEXANDER STEPHEN WADE is a citizen and resident of the State of California. He was born on December 19, 1981, and is Decedent's natural "child" within the meaning of 46 U.S.C. § 30302.

Complaint      2

5. SARAH ELIZABETH WADE is a citizen and resident of the State of California. She was born on June 1, 1983, and is Decedent's natural "child" within the meaning of 46 U.S.C. § 30302.

6. NATHAN SAMUEL ROSE is a citizen and resident of the State of California. He was born on June 14, 1973, and is Decedent's "foster child" within the meaning of California Probate Code § 6454, and his "child" within the meaning of 46 U.S.C. § 330302.

7. KATY CHRISTINE ROSE is a citizen and resident of the State of California. She was born on July 8, 1976, and is Decedent's "foster child" within the meaning of California Probate Code § 6454, and his "child" within the meaning of 46 U.S.C. § 330302.

8. STEPHANIE COR-RITA ROSE is a citizen and resident of the State of California. She was born on October 31, 1986, and is Decedent's "foster child" within the meaning of California Probate Code § 6454, and his "child" within the meaning of 46 U.S.C. § 330302.

9. At all times material hereto, Defendant TSCHUDI SHIPPING COMPANY A.S. was, and still is a corporation organized and existing under the laws of the foreign state of Denmark, and was and still is doing business as a ship owner, engaged in international trade, both upon the high seas and in the territorial waters of the State of California, within the Northern District of California, as is hereinafter more fully alleged.

10. At all times material hereto, Defendant REDERIET OTTO DANIELSEN was, and still is a corporation organized and existing under the laws of the foreign state of Denmark, and was and still is doing business as a ship owner engaged in international trade both upon the high seas and in the territorial waters of the State of California, within the Northern District of California, as is hereinafter more fully alleged.

11. At all times material hereto, Defendant ARIES MARITIME TRANSPORT LTD. was, and still is a corporation organized and existing under the laws of the foreign state of

Complaint                                                                                                                 3

Denmark, and was and still is doing business as a ship owner engaged in international trade both upon the high seas and in the territorial waters of the State of California, within the Northern District of California, as is hereinafter more fully alleged.

12. At all times material hereto, Defendant FIRST BALTIC SHIP MANAGEMENT, A.S. was, and still is a corporation organized and existing under the laws of the foreign state of Lithuania, and was and still is doing business as a ship management company engaged in international trade both upon the high seas and in the territorial waters of the State of California, within the Northern District of California, as is hereinafter more fully alleged.

13. At all times material hereto, each defendant was the agent and employee of every other co-defendant, and in doing the things, acts, and omissions hereinafter more fully alleged, was acting within the scope and authority of said agency and employment, except as otherwise stated.

14. At all times material hereto, Plaintiff LORI WADE and Decedent owned the well-founded, wooden, 28-foot, "double-ended," commercial fishing vessel *Buona Madre*.

15. At all times material hereto, Defendants and each of them owned, operated, managed, controlled, supervised, maintained, manned, provisioned, and equipped as a vessel in navigation that certain 290-foot, steel-hulled Bahamian freighter commonly known as the *M/V Eva Danielson* (IMO No. 8603535).

## OPERATIVE FACTS
(The Accident)

16. The *M/V Eva Danielson* departed the Port of Oakland on the afternoon of July 13, 2007, and headed for sea. After clearing the Golden Gate, the *Eva Danielson* deviated from the customary shipping lanes, and shaped a course for Portland, Oregon which took her within six nautical miles of Point Reyes even though her officers and crew knew, or with the exercise of even

Complaint   4

a slight degree of care would have known, that:

    a)     the waters into which they were proceeding were home to a busy, local fishing ground;

    b)     visibility in the area was bad due to local weather conditions, and;

    c)     there were likely to be many small, wooden-hulled, commercial fishing vessels operating in the *Eva Danielson* projected course.

17.     When the *Eva Danielson* heedlessly shaped her aforesaid course for Portland, Decedent was operating the *F/V Buona Madre* in a prudent fashion, and in the company of other commercial fishing vessels, in the waters off Point Reyes, trolling for salmon well inshore of the customary shipping lanes. The weather in that area was foggy. Visibility was down to less than 600 feet. The *Eva Danielson* nonetheless motored through that fog at a speed that was unsafe for the circumstances, without sounding any type of fog signal, or maintaining a proper lookout. At or about 1715, without having hailed or even spotted the *F/V Buona Madre*, the *Eva Danielson* suddenly motored out of the fog, close aboard Decedent's position, and slammed into his boat, shattering the *Buona Madre's* wooden hull, and sinking her without warning approximately six nautical miles west of Point Reyes, at a position near 38 degrees, 1 minute North Latitude, 123 degrees 9 minutes West Longitude.

18.     The *Eva Danielson* notified the Coast Guard that she had been involved in a collision, but after making a short, perfunctory, and unsuccessful search, she left the scene of the accident, abandoned Decedent, and resumed course for Portland. Decedent was then and there alive, alone, afloat, and injured upon wave tossed ocean waters six nautical miles from shore. He was found at or about 0815 the following morning, by the crew of the *F/V California Girl*, floating lifelessly in his personal flotation device about seven-and-a-half nautical miles off Point Reyes. The *F/V Buona Madre* was a total loss.

## FIRST CAUSE OF ACTION
(Wrongful Death)

19. Plaintiff herewith refers to and by that reference incorporates, as though fully set forth herein, each and every allegation set forth in Paragraphs 1 through 18 hereinabove.

20. This action arises under 46 U.S.C. 30301 et seq., otherwise known as the Death on the High Seas Act. As was hereinabove more fully alleged, subject matter jurisdiction is conferred upon the civil side of this Court by 28 U.S.C. §§ 1331 and 1332.

21. Defendants, and each of them, then and there conducted themselves in a fashion that was grossly negligent and recklessly indifferent in that:

a) They owned, operated, managed, maintained, manned, provisioned, equipped, controlled, supervised, operated and navigated the *M/V EVA DANIELSEN* with reckless and callous disregard for Decedent's safety, and:

b) They operated and navigated said vessel in deliberate and willful violation of the International Rules of Navigation, including, but not limited to:

   i) Rule 5 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 5 – the so-called "Proper Look-Out Rule;"

   ii) Rule 6 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 6 – the so-called "Safe Speed Rule;"

   iii) Rule 7 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 7 – the so-called "Risk of Collision Rule;"

   iv) Rule 8 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 8 – the so-called "Action to Avoid Collision Rule;"

   v) Rule 19 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 19 – the so-called "Restricted Visibility Rule;" and

Complaint

6

vi) Rule 35 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 35 – the so-called "Sound Signals in Restricted Visability Rule" – *inter alia.*

22. As a direct and proximate result of Defendants' hereinabove alleged conduct in the premises, and at the time and place set forth above, Decedent was thrown from the *F/V Buona Madre* into the open waters of the Pacific Ocean, where he eventually lost his life.

23. Immediately prior to his death, Decedent was an adult person in good physical and mental health and condition, the faithful and dutiful husband of plaintiff LORI WADE, the loving and devoted father of ALEXANDER STEPHEN WADE and SARAH ELIZABETH WADE, and the loving and devoted stepfather of NATHAN SAMUEL ROSE, KATY CHRISTINE ROSE and STEPHANIE COR-RITA ROSE.

24. As a direct and proximate result of his death, Plaintiff LORI WADE and Decedent's other heirs have suffered the permanent loss of Decedent's care, services, guidance, nurture, training, instruction, inheritance, income, and support, all to their pecuniary damage in an amount in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332.

25. As a further direct and proximate result of the Defendants' hereinabove alleged conduct in the premises, Plaintiff LORI WADE has incurred funeral expenses, all to her pecuniary damage in an amount to be determined at the time of trial.

26. As a further direct and proximate result of the Defendants' hereinabove alleged conduct in the premises, Plaintiff LORI WADE has lost the *F/V Buona Madre,* and all of that vessel's equipment and apparel, all to her further pecuniary damage in an amount to be determined at the time of trial.

27. In willfully and wantonly conducting themselves with gross, reckless, and callous disregard for Decedent's safety, Defendants and each of them have acted with criminal indifference, entitling Plaintiff and Decedent's other dependant heirs to an award of punitive or

Complaint                                                                                                                                    7

exemplary damages in an amount to be determined at the time of trial.

WHEREFORE Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For pecuniary damages for the wrongful death of PAUL ALAN WADE in accordance with the allegations of Paragraphs 24 and 26 hereinabove;

2. For funeral expenses in accordance with the allegations of Paragraph 25 hereinabove;

3. For punitive damages in accordance with the allegations of Paragraphs 16, 17, 18, 21 and 26 hereinabove;

4. For prejudgment interest;

5. For the costs of suit herein; and,

6. For such other and further relief as the Court may deem just and proper.

Dated: October 29, 2007

McGuinn, Hillsman & Palefsky
Attorneys for Plaintiff

By _____
John R. Hillsman
Abraham Feinstein Hillsman

Complaint

8