1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   James J. Tamulski (State Bar #64880)
2  Jared A. Washkowitz (State Bar #226211)
   49 Stevenson Street, Suite 400
3  San Francisco, CA  94105
   Telephone:     (415) 227-9455
4  Facsimile:     (415) 227-4255
   E-Mail:        jtamulski@edptlaw.com
5                 jwashkowitz@edptlaw.com

6  Attorneys for Defendants REDERIET OTTO DANIELSEN,
   and K/S ARIES SHIPPING (erroneously sued as
7  "ARIES MARITIME TRANSPORT, LTD.")

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  LORI WADE, individually and as Personal          Case No.:  C 07 5487 CW
    Representative  of PAUL ALAN WADE,
    Deceased,                                        **JOINT CASE MANAGEMENT**
14                                                   **CONFERENCE STATEMENT**
                        Plaintiff,                   **(FED.R.CIV.P. 26(f))**
15
        vs.
16  TSCHUDI SHIPPING COMPANY, A.S.,
    REDERIET OTTO DANIELSEN, ARIES
17  MARITIME TRANSPORT, LTD., FIRST
    BALTIC SHIP MANAGMENT, A.S.
18
                        Defendants.
19

20        Plaintiff LORI WADE, individually and as Personal Representative of PAUL ALAN

21  WADE, Deceased, and Defendants REDERIET OTTO DANIELSEN (herein "REDERIET"),

22
    and K.S. ARIES SHIPPING  (herein "ARIES  (collectively "Defendants"), hereby submit their
23
    Joint Case Management Conference Statement as follows:
24

25

26  1.     Jurisdiction and Service:

27        Although Plaintiff's claims arise under the Death on the High Seas Act, 46 U.S.C. §§

28                                        - 1 -

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

Joint Case Management Conference Statement
Case No.: C 07 5487 CW
C:\Documents and Settings\deborah.MHPSF.000\My Documents\JointCMCStatement-FINAL.JRH.doc

30301 *et seq.*, and General Maritime Law, the complaint has been filed on the Civil Side of the Court under the "saving to suitors" clause and 28 U.S.C. §§ 1332(a)(2) and 1333(1). The parties do not dispute the jurisdiction of this Court. All the defendants have been served.

2.     Facts:

On July 13, 2007 the cargo vessel EVA DANIELSEN was traveling in waters approximately six miles off the coast of Point Reyes, California en route from Oakland, California to Portland, Oregon. The deceased, Paul Wade, had been fishing in that area since early that morning aboard his 28 foot, wooden fishing vessel the BUONA MADRE. The weather was foggy and visibility poor.

Plaintiff alleges that shortly after 5 p.m. a collision took place between the EVA DANIELSEN and the BUONA MADRE. The following morning, a fishing vessel came across the body of Paul Wade floating in the water approximately seven and a half miles off of Point Reyes. Debris, presumed from the BUONA MADRE, was also found in the area.

Plaintiff LORI WADE is the Decedent's widow and duly appointed Personal Representative.

Defendants KS ARIES SHIPPING and REDERIETTE OTTO DANIELSEN are the ship owner and managing ship owner of the EVA DANIELSEN.

The parties anticipate the following factual issues, subject to revision/expansion as discovery continues:

(a)     Whether Defendants were operating the EVA DANIELSEN negligently at the time of the collision;

(b)     Whether Defendants were operating the EVA DANEILSEN in violation of the 1972 COLREGS, 33 U.S.C.A. § 1602 (including but not limited to Rules 5, 6, 7, 8, or 19) at the of the collision;

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

Joint Case Management Conference Statement
Case No.: C 07 5487 CW
C:\Documents and Settings\deborah.MHPSF.000\My Documents\JointCMCStatement-FINAL.JRH.doc

(c)    Whether Defendants were operating the EVA DANIELSEN with gross negligence or in reckless disregard of the safety of others at the time of the collision;

(d)    Whether the Defendants' alleged wrongs were a legal cause of Decedent's death;

(e)    Whether Plaintiff or Decedent's children have suffered any pecuniary damages as a legal consequence of Decedent's death, and if so, in what categories and amounts;

(e)    Whether Defendants, or any of them, should be held liable for punitive damages, and if so, in what amount.

(g)    Whether the Decedent was operating the BUONA MADRE negligently prior to the alleged collision;

(h)    Whether the Decedent was operating the BUONA MADRE in violation of the 1972 COLREGS, 33 U.S.C.A. § 1602 (including, but not limited to, those requiring that the radio and radar be monitored, and fog signals sounded);

(i)    Whether the Decedent was operating the BUONA MADRE with gross negligence or in reckless disregard for his own safety, and the safety of others, prior to the alleged collision, and;

(j)    Whether the Decedent's alleged wrongs were a legal cause of his death.

3.    Legal Issues:

The parties presently anticipate the following legal issues, subject to revision/expansion as discovery continues:

(a)    Whether the Defendants or Plaintiff should be held liable per se under the *Pennsylvania* Rule;

(b)    Whether the Defendants, or any of them, may be held liable for punitive damages

EMARD DANOFF FORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

Joint Case Management Conference Statement
Case No.:  C 07 5487 CW
C:\Documents and Settings\deborah.MHPSF.000\My Documents\JointCMCStatement-FINAL.JRH.doc

under Federal Maritime Law;

(c)    Whether any law, other than the Death on the High Seas Act ("DOHSA", 46 U.S.C. §§ 30301 *et seq.*, applies to this case;

(d)    Whether Plaintiff or Decedent's children may recover damages under law;

(e)    Whether, and to what extent, superseding causes contributed to the accident;

(f)    The type and extent of damages recoverable by Plaintiff, in her capacity as personal representative of Paul Wade, if any, under the Death on the High Seas Act;

(g)    The extent to which Plaintiff's damages, if any, should be reduced as a result of the negligence of the Decedent;

(h)    Whether Defendants are entitled to limit their liability under 46 U.S.C.A. §30511, and;

(i)    Whether Defendants should be required to post a bond equal to the value of the *Eva Danielsen* to assert 46 U.S.C.A. § 30511 as an affirmative defense herein.

4.    <u>Motions:</u>

There are no pending motions.  Defendants anticipate filing a motion to dismiss Plaintiff's request for punitive damages.  Plaintiff will urge the Court to defer that motion until after the Supreme Court has handed down its decision in *Exxon v. Baker*, No. 07-219, cert granted, ___ U.S. ___, 128 S.Ct. 492 (2007).  The Supreme Court will hear oral argument in that case on February 28, 2008.

Plaintiff anticipates filing a motion either to strike the Defendants' assertion of 46 U.S.C.A. § 30511 as an affirmative defense herein, or to require Defendants' to post a bond equivalent to the value of the *Eva Danielsen*.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

5.     Amendment of Pleadings:

No amendments to the pleadings are anticipated by the parties

6.     Evidence Preservation:

The parties have taken measures to preserve all available evidence

7.     Disclosures:

The parties have stipulated to extend the deadline for initial disclosures pursuant to Fed.R.Civ.P. 26(a) until March 15, 2008.

8.     Discovery:

Although the parties have informally gathered information regarding the accident since it occurred, no formal discovery has been conducted to date.  Plaintiff's counsel has expressed interest in deposing the captain, third mate, watch engineer, and several unlicensed crewmembers of the EVA DANIELSEN.  Defendants will likely depose Plaintiff, family members, other operators of fishing boats in the area of the collision, and Coast Guard personnel who investigated the alleged collision. Both parties anticipate conducting extensive written and expert discovery.

With regard to Fed.R.Civ.P. 26(f)(1), the parties refer to the pervious section regarding when initial disclosures will be exchanged.

With regard to Fed.R.Civ.P. 26(f)(2), the parties anticipate discovery will be focused on the actions of the crew of the EVA DANIELSEN, Paul Wade, the Coast Guard, and other fishermen  before, during, and after the alleged collision, and Plaintiff's damages.

With regard to Fed.R.Civ.P. 26(f)(3), the parties presently propose no changes to the limitations on discovery imposed by the rules.

With regard to Fed.R.Civ.P. 26(f)(4), the parties do not presently propose any additional orders that should be entered by the Court regarding discovery.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 5 -

Joint Case Management Conference Statement
Case No.: C 07 5487 CW
C:\Documents and Settings\deborah.MHPSF.000\My Documents\JointCMCStatement-FINAL.JRH.doc

9.    Class Actions:

Not applicable.

10.    Related Cases:

Not applicable.

11.    Relief:

Plaintiff seeks damages under the Death on the High Seas Act, 46 U.S.C. § 30301, and General Maritime Law, both in her individual capacity and in her capacity as personal representative of the decedent. Defendants contend that the Death on the High Seas Act permits the recovery of only pecuniary damages, and that survival damages (pain and suffering of the decedent before death) and punitive damages are not recoverable.

12.    Settlement and ADR:

The parties submit herewith the ADR Certifications required by ADR Local Rule 3-5(b). The parties wish to discuss selection of a particular ADR option at the case management conference pursuant to ADR Local Rule 3-5(g).    The parties are discussing whether settlement discussions would we worthwhile at this time.

13.    Consent to Magistrate Judge for All Purposes:

The parties do not agree to proceed before a Magistrate Judge.

14.    Other References:

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues:

The parties believe that they may be able to narrow the factual and legal issues prior to trial, but this depends on the information obtained through discovery.

16.    Expedited Schedule:

- 6 -

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Joint Case Management Conference Statement
Case No.: C 07 5487 CW
C:\Documents and Settings\deborah.MHPSF.000\My Documents\JointCMCStatement-FINAL.JRH.doc

1    Given the number of witnesses and complex nature of the factual and legal issues

2 presented by this case, the parties do not believe this case can be handled on an expedited bases.

3    17.    Scheduling:

4        The parties propose the following dates:

5        Designation of experts - 90 days before trial

6        Discovery cutoff - 60 days before trial

7

8        Hearing of dispositive motions - 15 days before trial

9        Pretrial conference - 10 days before trial

10        Trial - May 2009

11    18.    Trial:

12        Plaintiff has demanded a jury trial.

13

14    19.    Disclosure of Non-party Interested Entities or Persons:

15        The Defendants have filed the Certification of Interested Entities or Persons required by

16 L.R. 3-16.

17        Plaintiff identifies the following persons, firms, partnerships, corporations (including

18 parent corporations) or other entities known to have either a financial interest in the subject

19 matter in controversy or in a party to the proceeding, or any kind of interest that could be

20

21 substantially affected by the outcome of the proceeding:

22        _____

23        Defendants identify the following persons, firms, partnerships, corporations (including

24 parent corporations) or other entities known to have either a financial interest in the subject

25 matter in controversy or in a party to the proceeding, or any kind of interest that could be

26

27 substantially affected by the outcome of the proceeding:

28        1)    Rederiet Otto Danielsen;

EMARD DANOFF FORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 7 -

2)     K/S Aries Shipping;

3)     Lori Wade.

20.    Other:

The parties have no other recommendations at this time to facilitate a just, speedy and

inexpensive disposition of this matter, but will keep these aims in mind at all times.


DATED: February 26, 2008            MCGUINN HILLSMAN & PALEFSKY

                                    By _____/s/_____
                                       John R. Hillsman
                                    Attorneys for Plaintiff LORI WADE, individually and as
                                    Personal Representative  of PAUL ALAN WADE,
                                    Deceased


DATED:  February  26, 2008          EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP



                                    By_____/s/_____
                                       James J. Tamulski
                                       Jared A. Washkowitz
                                     Attorneys for Defendants REDERIET OTTO
                                     DANIELSEN, and K/S ARIES SHIPPING (erroneously
                                     sued as "ARIES MARITIME TRANSPORT, LTD.")

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

Joint Case Management Conference Statement
Case No.:  C 07 5487 CW
C:\Documents and Settings\deborah.MHPSF.000\My Documents\JointCMCStatement-FINAL.JRH.doc