1   EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
    James J. Tamulski (State Bar #64880)
2   Jared A. Washkowitz (State Bar #226211)
    49 Stevenson Street, Suite 400
3   San Francisco, CA 94105
    Telephone:     (415) 227-9455
4   Facsimile:      (415) 227-4255
    E-Mail:         jtamulski@edptlaw.com
5                   jwashkowitz@edptlaw.com

6   Attorneys for Defendants REDERIET OTTO
    DANIELSEN, and K.S. ARIES SHIPPING
7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  LORI WADE, individually and as Personal     Case No.:  C 07 5487
    Representative  of PAUL ALAN WADE,
14  Deceased,                                    **DECLARATION OF JARED A.
                                                 WASHKOWTIZ IN SUPPORT OF
15              Plaintiff,                        DEFENDANTS' MOTION TO COMPEL
                                                 PLAINITFF TO APPEAR FOR
16       vs.                                     DEPOSITION AND TO SERVE
                                                 FURTHER RESPONSES TO
17  TSCHUDI SHIPPING COMPANY, A.S.,              DEFENDANTS' REQUEST FOR
    REDERIET OTTO DANIELSEN, ARIES               PRODUCTION SET ONE, AND
18  MARITIME TRANSPORT, LTD., FIRST              REQUEST FOR MONETARY
    BALTIC SHIP MANAGMENT, A.S.                  SANCTIONS**

19              Defendants.                      DATE:   TO BE SET
                                                 TIME:   TO BE SET
20                                               PLACE:  TO BE SET

21

22       I, Jared A. Washkowitz, state as follows:

23       1.      I am an associate attorney with the law firm of Emard Danoff Port Tamulski &

24  Paetzold LLP, the attorneys of record for Defendants REDERIET OTTO DANIELSEN (herein

25  "REDERIET") and K.S. ARIES SHIPPING (herein "ARIES") (herein collectively "Defendants")

26  in the above-entitled action.  I have personal knowledge of the facts stated herein and could

27  testify competently thereto if called as a witness.

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 1 -

Declaration of Jared A. Washkowitz
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\MOTION TO COMPEL\Dec of JAW.doc

2.    Plaintiff seeks damages arising from the death of the decedent Paul Wade in waters off the coast of Point Reyes on July 13, 2007.

3.    Plaintiff alleges that Mr. Wade's death was caused by a collision between the fishing vessel operated by Mr. Wade and the Defendants' cargo vessel EVA DANIELSEN.

4.    Plaintiff is the decedent's widow and personal representative, and Defendants ARIES and REDERIET are the ship owner and managing ship owner of the EVA DANIELSEN, respectively.

5.    Plaintiff's First Amended Complaint was filed on October 29, 2007, and Defendants filed their Answer on January 28, 2008.

6.    Trial is set for May 4, 2009.

7.    With regard to the deposition of Plaintiff, Defendants originally noticed Plaintiff's deposition for May 28, 2008. A true and correct copy of the Notice of Deposition for this date is attached hereto as **Exhibit "A"**.

8.    At the request of Plaintiff's counsel, Defendants agreed to postpone the deposition so Plaintiff could have more time to respond to Defendants' written discovery.

9.    After Plaintiff responded to the discovery Defendants re-noticed Plaintiff's deposition, this time for June 10, 2008.   A true and correct copy of the Notice of Deposition for this date is attached hereto as **Exhibit "B"**.

10.    Plaintiff's counsel subsequently advised that Plaintiff would not appear for this deposition until Defendants first committed to producing the captain and crew of the EVA DANIELSEN for deposition. A true and correct copy of an email from Plaintiff's counsel dated May 20, 2008 is attached hereto as **Exhibit "C"**.

11.    Defendants advised Plaintiff's counsel by phone and in writing that all available information regarding the captain and crew had already been disclosed (contact information was

- 2 -

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Declaration of Jared A. Washkowitz
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\MOTION TO COMPEL\Dec of JAW.doc

1    provided for the crewing company that was responsible for providing the Defendants with the

2    captain and crew), and that the captain and crew were never directly employed by Defendants,

3    and Defendants no longer had a contract with the crewing company.   See letter from Defendants'

4    counsel to Plaintiff's counsel dated July 1, 2008, a true and correct copy of which is attached

5    hereto as **Exhibit "D"**.

6
7    12.    Nevertheless, Plaintiff's counsel still refuses to produce Plaintiff for deposition

8    unless Defendants guarantee that Plaintiff can depose the captain and crew if they testify at trial.

9    Defendants cannot provide the commitment that plaintiff seeks because they have no control over

10   persons who are not employees.   See transcription of voicemail message left by Plaintiff's

11   counsel for Defendants' counsel on July 2, 2008, a true and correct copy of which is attached

12   hereto as **Exhibit "E"**;   see also email exchange between Plaintiff's counsel and Defendants'

13   counsel on July 7, 2008, a true and correct copy of which is attached hereto as **Exhibit "F"**.

14
15   13.    With regard to Plaintiff's response to Defendant's Request for Production Set

16   One, Defendants served the Request for Production on April 15, 2008.   A true and correct copy

17   of Defendants' Request for Production Set One is attached hereto as **Exhibit "G"**.

18   14.    Plaintiff served responses on June 2, 2008.    A true and correct copy of Plaintiffs'

19
20   Response to Defendants' Request for Production Set One is attached hereto as **Exhibit "H"**.

21   15.    Many of the requests ask Plaintiff to produce all documents that support

22   Plaintiff's responses to Defendants' interrogatories.

23   16.    These corresponding interrogatories requested Plaintiff to state all facts supporting

24   her various claims.   A true and correct copy of Defendants' Special Interrogatories Set One, is

25   attached hereto as **Exhibit "I"**.

26
27   17.    Many of Plaintiff's interrogatory responses refer to the 'available evidence' as

28   supporting her claims.   A true and correct copy of Plaintiffs' responses to Defendants' Special

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Declaration of Jared A. Washkowitz
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\MOTION TO COMPEL\Dec of JAW.doc

1   Interrogatories Set One is attached hereto as **Exhibit "J"**.

2       18.     However, despite the fact that Plaintiff has indicated that there is available

3   evidence to support her claims, she has failed to produce this available evidence in response to

4   Defendants' request for production, despite numerous requests from Defendants' counsel for

5   supplemental responses.  See letter from Defendants' counsel to Plaintiff's counsel dated June 6,

6   2008, a true and correct copy of which is attached hereto as **Exhibit "K"**; see also **Exhibit "D"**,

7   supra (letter dated July 1, 2008); see also email from Defendants' counsel to Plaintiff's counsel

8   dated July 8, 2008, a true and correct copy of which is attached hereto as **Exhibit "L"**.

9       19.     As stated herein, Defendants' counsel has met and conferred with Plaintiff's

10  counsel to resolve these issues prior to filing this motion but has been unable to do so.

11      20.     My hourly rate is $195.  I spent a total of 6 hours preparing the Notice,

12  Memorandum of Points and Authorities, Declaration, Proposed Order, and other documents

13  supporting Defendants' Motion to Compel.  I anticipate spending another two hours to review

14  Plaintiff's Opposition and prepare a Reply, and an additional two hours preparing for and

15  attending the hearing on this matter.  Therefore Defendants anticipate expending a total of

16  **$1,950.00** ($195 per hour x 10 hours) in prosecuting this Motion, and seek to recover that

17  amount from Plaintiff or her counsel in the form of monetary sanctions.

18      I declare under penalty of perjury by the laws of the United States of America that the

19  foregoing is true and correct to the best of my knowledge, and that I have executed this

20  Declaration on July 10, 2008 in San Francisco, California.

JARED A. WASHKOWITZ

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Declaration of Jared A. Washkowitz
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\MOTION TO COMPEL\Dec of JAW.doc

**EXHIBIT A**

1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   James J. Tamulski (State Bar #64880)
2  Jared A. Washkowitz (State Bar #226211)
   49 Stevenson Street, Suite 400
3  San Francisco, CA  94105
   Telephone:    (415) 227-9455
4  Facsimile:    (415) 227-4255
   E-Mail:        jtamulski@edptlaw.com
5                 jwashkowitz@edptlaw.com

6  Attorneys for Defendants
   REDERIET OTTO DANIELSEN,
7  K.S. SHIPPING

8

9

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13
   LORI WADE, individually and as Personal        Case No.:  C 07 5487
14 Representative of PAUL ALAN WADE,
   Deceased,                                       **NOTICE OF DEPOSITION OF**
15                                                 **PLAINTIFF LORI WADE**
                    Plaintiff,
16
             vs.
17
   TSCHUDI SHIPPING COMPANY, A.S.,
18 REDERIET OTTO DANIELSEN, ARIES
   MARITIME TRANSPORT, LTD., FIRST
19 BALTIC SHIP MANAGMENT, A.S.

20                  Defendants.

21          Please take notice that defendants REDERIET OTTO DANIELSEN, and K.S. SHIPPING

22 ("Defendants") will take the oral deposition of Lori Wade beginning at 10:00 a.m. on May 28,

23 2008.

24          This deposition will take place at the offices of Emard Danoff Port Tamulski & Paetzold

25 LLP, 49 Stevenson Street, Suite 400, San Francisco, California 94105, phone (415) 227-9455.

26

27

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105
                                            - 1 -
Notice of Deposition of Plaintiff Lori Wade
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\NTD plaintiff.doc

1    Defendants will take this deposition before a duly authorized deposition officer pursuant

2  to the Federal Rules of Civil Procedure and all applicable local rules.  This deposition will be

3  recorded stenographically, and will continue from day to day until completed.

4

5  DATED:  May 12, 2008.                    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

6

7                                          By _____

8                                             James J. Tamulski
                                              Jared A. Washkowitz
9                                          Attorneys for Defendants REDERIET OTTO DANIELSEN,
                                           and K.S. ARIES SHIPPING
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Notice of Deposition of Plaintiff Lori Wade
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\NTD plaintiff.doc

# CERTIFICATE OF SERVICE

*Lori Wade, Representative of Paul Alan Wade, Deceased v. Matson Navigation Company*
**USDC, Northern District of California (San Francisco), Case No. C 07-05487 JCS**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 49 Stevenson Street, Suite 400, San Francisco, CA, 94105. On May 12, 2008, I served the foregoing document described as

## NOTICE OF DEPOSITION OF PLAINTIFF LORI WADE

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

John R. Hillsman
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
*Attorney for Plaintiffs, Lori Wade, Rep. Paul Alan Wade*
Tele:   415-421-9292
Fax:    415-403-0202
Email:  uroy3@aol.com

**[XXX]   BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[   ]   (BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee.

**[   ]   (BY FACSIMILE)** I caused such document to be transmitted from my employer's facsimile machine telephone number (415) 227-4255 to the offices of the addressee at the facsimile machine telephone number listed above. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error and indicating the time of such transmission. A copy of the said transmission report is attached hereto.

**[XXX]   (FEDERAL)** I declare under penalty of perjury in accordance with 28 U.S.C. 1746 that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 12, 2008, at San Francisco, California.

Lorri A. Garcia
(Type or Print Name)

(Signature)

EMARD DANOFF FORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Notice of Deposition of Plaintiff Lori Wade
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\NTD plaintiff.doc

**EXHIBIT B**

1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   James J. Tamulski (State Bar #64880)
2  Jared A. Washkowitz (State Bar #226211)
   49 Stevenson Street, Suite 400
3  San Francisco, CA  94105
   Telephone:     (415) 227-9455
4  Facsimile:     (415) 227-4255
   E-Mail:        jtamulski@edptlaw.com
5                 jwashkowitz@edptlaw.com

6  Attorneys for Defendants
   REDERIET OTTO DANIELSEN,
7  K.S. SHIPPING

8

9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   LORI WADE, individually and as Personal          Case No.:  C 07 5487
14 Representative of PAUL ALAN WADE,
   Deceased,                                         **RE-NOTICE OF DEPOSITION OF**
15                                                   **PLAINTIFF LORI WADE**
                    Plaintiff,
16
          vs.
17
   TSCHUDI SHIPPING COMPANY, A.S.,
18 REDERIET OTTO DANIELSEN, ARIES
   MARITIME TRANSPORT, LTD., FIRST
19 BALTIC SHIP MANAGMENT, A.S.

20                  Defendants.

21        Please take notice that defendants REDERIET OTTO DANIELSEN, and K.S. SHIPPING

22 ("Defendants") will take the oral deposition of Lori Wade beginning at 9:00 a.m. on June 10,

23 2008.  Please note that this deposition has been re-noticed to accommodate plaintiff's request for

24 a further extension of time to respond to defendants' written discovery through June 2, 2008.

25        This deposition will take place at the offices of Emard Danoff Port Tamulski & Paetzold

26 LLP, 49 Stevenson Street, Suite 400, San Francisco, California 94105, telephone (415) 227-

27 9455.

28                                     - 1 -

RE-Notice of Deposition of Plaintiff Lori Wade
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Re-NTD plaintiff.doc

1    Defendants will take this deposition before a duly authorized deposition officer pursuant

2   to the Federal Rules of Civil Procedure and all applicable local rules.  This deposition will be

3   recorded stenographically, and will continue from day to day until completed.

4

5   DATED:  May 21, 2008.                 EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

6

7                                        By

8                                             James J. Tamulski
                                             Jared A. Washkowitz
9                                        Attorneys for Defendants REDERIET OTTO DANIELSEN,
                                         and K.S. ARIES SHIPPING

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

RE-Notice of Deposition of Plaintiff Lori Wade
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Re-NTD plaintiff.doc

# CERTIFICATE OF SERVICE

***Lori Wade, Representative of Paul Alan Wade, Deceased v. Matson Navigation Company***
***USDC, Northern District of California (San Francisco), Case No. C 07-05487 JCS***

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 49 Stevenson Street, Suite 400, San Francisco, CA, 94105. On May 21, 2008, I served the foregoing document described as

## RE-NOTICE OF DEPOSITION OF PLAINTIFF LORI WADE

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

John R. Hillsman
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
*Attorney for Plaintiffs, Lori Wade, Rep. Paul Alan Wade*
Tele:   415-421-9292
Fax:    415-403-0202
Email:  uroy3@aol.com

**[XXX]   BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[   ]   (BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee.

**[   ]   (BY FACSIMILE)** I caused such document to be transmitted from my employer's facsimile machine telephone number (415) 227-4255 to the offices of the addressee at the facsimile machine telephone number listed above. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error and indicating the time of such transmission. A copy of the said transmission report is attached hereto.

**[XXX]   (FEDERAL)** I declare under penalty of perjury in accordance with 28 U.S.C. 1746 that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 21, 2008, at San Francisco, California.

Lorri A. Garcia
(Type or Print Name)

(Signature)

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

RE-Notice of Deposition of Plaintiff Lori Wade
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Re-NTD plaintiff.doc

Confirmation Report — Memory Send

Time      : May-21-08  03:07pm
Tel line  : 4152274255
Name      : EMARD DANOFF PORT TAMULSKI & PAETZOLD

| | | |
|---|---|---|
| Job number | : | 564 |
| Date | : | May-21 03:06pm |
| To | : | 3980611 |
| Document pages | : | 04 |
| Start time | : | May-21 03:06pm |
| End time | : | May-21 03:07pm |
| Pages sent | : | 04 |
| Status | : | OK |

*Confirm:*

*DAVID*

Job number    : 564          *** SEND SUCCESSFUL  ***

## EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street, Suite 400
San Francisco, CA  94105
Phone:  (415) 227-9455
Fax:  (415) 227-4255
www.edptlaw.com

### FAX COVER SHEET

DATE:          **May 21, 2008**              Pages:   **4**
From:          Lorri A. Garcia, Assistant to James J. Tamulski, Esq.
Our Ref.:      45100.011

To:            Nogara Reporters — Helen Chin
Company:
Fax:           (415) 398-0611
Tel:           (415) 398-1889
City/Country:  San Francisco, CA
Ref.:          *Wade v. Tschudi Shipping Company A.S., et al.*

Message:       Please see attached and confirm your receipt.

**PLEASE NOTE:** The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

**EXHIBIT C**

**James Tamulski**

| | |
|---|---|
| **From:** | Uroy3@aol.com |
| **Sent:** | Tuesday, May 20, 2008 1:18 PM |
| **To:** | James Tamulski |
| **Subject:** | Re: Wade v. Tschudi et al. |

Sorry.  I spent the last several days in Cosco Busan depositions.  Very interesting.  I'm back in the office now and anxious to talk.

I don't want to agree to a deposition for my client until I have some kind of commitment, or at least contact info for the crew.  Word that the company can no longer locate personnel who were interviewed by the U.S. Coast Guard in connection with a fatality involving its vessel is not acceptable.  Present company excepted of course, it has been my experience that once corporate defendants have taken the depositions they need, they tend to become a good deal less cooperative about assisting in the deposition discovery that we need.  We need to chat.

JRH

Wondering what's for Dinner Tonight? Get new twists on family favorites at AOL Food.

This email has been scanned for all viruses by the MessageLabs Email
Security System.

**EXHIBIT D**

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

## ATTORNEYS

49 Stevenson Street, Suite 400
San Francisco, California 94105

www.edptlaw.com

Telephone: (415) 227-9455
Facsimile: (415) 227-4255

July 1, 2008

*VIA FACSIMILE*

John R. Hillsman, Esq.
Derek Jacobson, Esq.
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, California 94133

Re:   ***Wade v. Tschudi Shipping Company, A.S. et al.***
      **N.D.Cal. Case No.: C 07-5487**
      **Our File: 45100.011**

Dear Mr. Hillsman and Mr. Jacobson:

We write regarding our attempts to depose Plaintiff Lori Wade and obtain further responses to Defendants' Requests for Production Nos. 1, 11-19 and 21.

We have already noticed Plaintiff's deposition twice, to no avail. The first deposition was set for May 28, 2008. We agreed to postpone this date so Plaintiff could have more time to respond to Defendants' written discovery. The second deposition was set for June 10, 2008 (after Plaintiff responded to the discovery). Your office advised that Plaintiff would not appear for this deposition because Mr. Hillsman had a trial in San Pedro, and because Plaintiff first wanted contact information for the captain and crew of the Eva Danielsen. It is now one month before the court-ordered mediation, and we still do not have a date for Ms. Wade's deposition.

With regard to contact information for the captain and crew of the Eva Danielsen, as we have previously advised, the captain and crew are no longer employed by our clients, and our clients do not have contact information for these individuals. All available information regarding these former employees has been disclosed under Fed.R.Civ.P. 26. Plaintiff may be able to obtain the desired information by contacting the company that supplied the captain and crew to the Eva Danielsen— Marinconsult Ship Management, Obala kralja Tomislava bb, Kaštel Gomilica – Croatia, Tel: ++385 21 204 001. However, it is not our clients' obligation to obtain this information for Plaintiff. Plaintiff could have deposed the captain and crew in Portland, OR, but, for whatever reason, this was not done.

With regard to our written discovery requests, our meet and confer letter dated June 6, 2008 requested that Plaintiff provide further responses to Defendants' Request for Production, Set One. As outlined in the letter, many of Plaintiff's responses to our Request for Production refer to evidence which allegedly supports Plaintiff's claims, but this 'evidence' has not been described or produced. Please provide this information by week's end so we can avoid filing a

John R. Hillsman, Esq.
July 10, 2008
Page 2

motion with the court.

　　　We acknowledge that Plaintiff has informally requested additional documents from our clients, such as the P&T Manual, course-recorder, bell-logger, ECDIS report, additional certificates, etc. We are making every attempt to determine whether these items are available. As you know, our clients are located in Denmark, and the Eva Danielsen is in constant transit, making communications and document production time consuming and difficult. In the meantime, it is improper for Plaintiff to purposefully delay our client's right to conduct discovery, including Ms. Wade's deposition. See Fed.R.Civ.P. 26(d)(". .the fact that a party is conducting discovery . .does not operate to delay any other party's discovery. ") Discovery is a two way street, and, as we attempt to obtain the information Plaintiff informally requested, we expect that Plaintiff will comply with our formal discovery efforts without further delay.

　　　In any event, given the delays thus far, we will not be able to prepare this case for a meaningful mediation by the mediation deadline set by the court (August 4th). It will be impossible for us to depose Ms. Wade, obtain further discovery responses, and discuss this information with our clients in a time span of one month. Moreover, we now have a trial scheduled to being in San Francisco on August 4, 2008. We therefore suggest a stipulation to postpone mediation until sometime in the fall.

　　　Please let us know if you agree to a stipulation to postpone the mediation. Please also respond to our meet and confer letter dated June 6, 2008 by the end of the week so we can avoid filing a motion. Finally, please provide us dates that Plaintiff is available for deposition in mid-August 2008.

　　　Thank you.

　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　Jared A. Washkowitz
　　　　　　　　　　　　　　for
　　　　　　　　　　EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

JAW/jb

**EXHIBIT E**

### Voicemail Transcription

To:       James Tamulski

From:     John Hillsman

Re:       45100.011 Eva Danielsen

Date:     July 2, 2008, Approximately 4:17 p.m.

Hey Jim, John Hillsman.  Got your letter.  I agree.

Here is what I propose.  I will be happy to produce Lori Wade for your deposition; indeed I want you to meet her as soon as possible.  But, as a pre-condition to that: I need an undertaking from you, i.e. a writing confirming that you will not call any of the crew members or offer any evidence or any statements from any of those crew members unless or until we have been given an opportunity to depose them.  Obviously, the nightmares I am worried about is suddenly the company is able to find them a week before trial and they all come trooping in.  So if you are willing to tell me that you cannot find them, you have no intention of calling them, and that you will not call them as witnesses until you give me a head's up so I can depose them you can have Lori Wade.

**EXHIBIT F**

## James Tamulski

| | |
|---|---|
| **From:** | James Tamulski |
| **Sent:** | Monday, July 07, 2008 6:38 PM |
| **To:** | 'Uroy3@aol.com' |
| **Cc:** | Jared Washkowitz |
| **Subject:** | RE: Wade; 45100.011 |

John,

I believe you were clear in your voice mail message, as I see the same problem in your email. I don't know how I can possibly "guarantee" that I will make the crew available for deposition when neither I, nor my client, has any control over them. Assume we are a week away from trial and I finally find one of the crew somewhere in the world and, somehow, convince the guy to testify. (Believe it or not, I do want some of the crew to testify.) What if he is willing to testify at court, but refuses to be deposed by you ahead of time. How do I satisfy my obligation to my client to do the best possible to defend him, and at the same time "guarantee" that you will first be able to depose the guy? I'm willing to listen to any suggestions you have, but I just don't see how I can do what you want me to do.

Jared - please call John tomorrow and try to work out some dates in the future for the mediation. Also, please contact Mr. Barcott via email, (cc John on all correspondence with him), and ask for his availability in the fall. Then also draft a Stip, or whatever we need to do to continue the mediation date with the court. Suggest you call the judge's clerk and ask if she will accept a Stip and Proposed Order with a new date for the mediation, all supported by a Dec. If not, ask her if the judge will accept an order on shortened time to hear a motion seeking a postponement of the mediation date. (As stated, I'll be out most of the day tomorrow in depos.)

thx to you both.

Jim

---

**From:** Uroy3@aol.com [mailto:Uroy3@aol.com]
**Sent:** Monday, July 07, 2008 10:45 AM
**To:** James Tamulski
**Subject:** Re: Wade; 45100.011

Jim,

I must not have expressed myself very clearly in the phone message. I don't expect you to give me an open-ended guarantee about deposing the crew members. Quite the contrary. Given what we've dug up so far, I'm perfectly content to try them in abstentia. I was merely asking you to guarantee me that you would not call them as witnesses or offer their 'testimony' in any other fashion unless and until I'd been given an opportunity to depose them. Do that, and I'll be happy to produce Lori Wade for depo. I just don't want to face a surprise appearance by these obviously important witnesses at trial after your client has have professed itself unable to produce them during discovery.

You're also mistaken about my reasons for not producing the widow. As I thought I'd made clear, it wasn't a question of schedules; I was deliberately withholding the widow in the hope that it would secure some cooperation from your client regarding the crew. At risk of belaboring the point, give me the undertaking I described in the previous paragraph and you can depose Lori anytime you wish.

If you want to postpone the mediation, that's fine with me. I can use Mike Barcott in another matter. Have Jared give me a call.

JRH

In a message dated 7/7/2008 7:16:48 A.M. Pacific Daylight Time, jtamulski@edptlaw.com writes:

John,

Sorry I did not respond earlier to your voice mail message of last week.

Unfortunately, I simply cannot guarantee that you will be able to depose the crew of the EVA DANIELSEN at any time.  As I believe we have told you --- a number of times now - my client no longer does business with the crewing agency who supplied the crew to that vessel.  Therefore, neither I, nor my client, have any control over them.

As to meeting your client, I tried to take her deposition a number of times.  Maybe you were just too busy with other matters to allow that to happen.  Regardless, that is my position now.  I have at least 10 depose to take before starting trial in a month, and I simply don't have time to depose your client now, and prepare for the mediation.

Please work with Jared Washkowitz of my office and either stipulate to a postponement of the mediation, or we will have to proceed with a motion this week.  Thx.

Jim

James J. Tamulski
Emard Danoff Port Tamulski & Paetzold LLP
49 Stevenson Street, Suite 400
San Francisco, CA  94105
Tel: (415) 227-9455
Fax: (415) 227-4255

*The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine.  It is intended only for the use of the individual or entity to whom it is addressed .  If you are not the intended recipient  you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by telephone at (415) 227-9455, and delete the original message from your e-mail system.  Thank you.*

This email has been scanned for all viruses by the MessageLabs Email Security System.

Gas prices getting you down? Search AOL Autos for fuel-efficient used cars.

This email has been scanned for all viruses by the MessageLabs Email Security System.

7/7/2008

**EXHIBIT G**

1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   James J. Tamulski (State Bar #64880)
2  Jared A. Washkowitz (State Bar #226211)
   49 Stevenson Street, Suite 400
3  San Francisco, CA  94105
   Telephone:    (415) 227-9455
4  Facsimile:    (415) 227-4255
   E-Mail:    jtamulski@edptlaw.com
5              jwashkowitz@edptlaw.com

6  Attorneys for Defendants REDERIET OTTO
   DANIELSEN, and K.S. ARIES SHIPPING

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12
   ┌─────────────────────────────────────┬──────────────────────────────────
13 │ LORI WADE, individually and as Personal │ Case No.:  C 07 5487
   │ Representative  of PAUL ALAN WADE,      │
14 │ Deceased,                               │ **DEFENDANTS REDERIET OTTO**
   │                                         │ **DANIELSEN, AND K.S. ARIES**
15 │              Plaintiff,                 │ **SHIPPING'S REQUESTS FOR**
   │                                         │ **PRODUCTION, SET ONE, TO**
16 │      vs.                                │ **PLAINTIFF**
   │ TSCHUDI SHIPPING COMPANY, A.S.,         │
17 │ REDERIET OTTO DANIELSEN, ARIES          │
   │ MARITIME TRANSPORT, LTD., FIRST         │
18 │ BALTIC SHIP MANAGMENT, A.S.             │
   │                                         │
19 │              Defendants.                │
   └─────────────────────────────────────┴──────────────────────────────────

20 PROPOUNDING PARTY:    Defendants REDERIET OTTO DANIELSEN, and K.S. ARIES

21                       SHIPPING

22 RESPONDING PARTY:     Plaintiff LORI WADE, individually and as Personal

23                       Representative of PAUL ALAN WADE, Deceased.

24 SET NO.:              One.

25     Defendants REDERIET OTTO DANIELSEN (herein "REDERIET"), and K.S. ARIES

26 SHIPPING (herein "ARIES" (herein collectively "Defendants") hereby requests Plaintiff to

27

28 produce the following within the time limits prescribed by law:

                                  - 1 -

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Request for Production to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\RFP Set 1.doc

1    **REQUEST FOR PRODUCTION NO. 1:**

2         All documents which support Plaintiff's response to Special Interrogatory No. 1. For

3    purposes of this request for production and all requests hereafter, "documents" shall be

4    synonymous with "writings" as defined by Cal. Evidence Code § 250.

5    **REQUEST FOR PRODUCTION NO. 2:**

6         All documents which support Plaintiff's response to Special Interrogatory No. 2.

7    **REQUEST FOR PRODUCTION NO. 3:**

8         All documents which support Plaintiff's response to Special Interrogatory No. 3.

9    **REQUEST FOR PRODUCTION NO. 4:**

10        All documents which support Plaintiff's response to Special Interrogatory No. 4.

11   **REQUEST FOR PRODUCTION NO. 5:**

12        All documents which support Plaintiff's response to Special Interrogatory No. 5.

13   **REQUEST FOR PRODUCTION NO. 6:**

14        All documents which support Plaintiff's response to Special Interrogatory No. 6.

15   **REQUEST FOR PRODUCTION NO. 7:**

16        All documents which support Plaintiff's response to Special Interrogatory No. 7.

17   **REQUEST FOR PRODUCTION No. 8:**

18        All documents which support Plaintiff's response to Special Interrogatory No. 8.

19   **REQUEST FOR PRODUCTION NO. 9**

20        All documents which support Plaintiff's response to Special Interrogatory No. 9.

21   **REQUEST FOR PRODUCTION NO. 10:**

22        All documents which support Plaintiff's response to Special Interrogatory No. 10.

23   **REQUEST FOR PRODUCTION NO. 11:**

24        All documents which support Plaintiff's response to Special Interrogatory No. 11.

25   **REQUEST FOR PRODUCTION NO. 12:**

26        All documents which support Plaintiff's response to Special Interrogatory No. 12.

27   **REQUEST FOR PRODUCTION NO. 13:**

28        All documents which support Plaintiff's response to Special Interrogatory No. 13.

EMARD DANOFF FORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

Defendants' Request for Production to Plaintiff, Set One
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\RFP Set 1.doc

**REQUEST FOR PRODUCTION NO. 14:**

    All documents which support Plaintiff's response to Special Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 15:**

    All documents which support Plaintiff's response to Special Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 16:**

    All documents which support Plaintiff's response to Special Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 17:**

    All documents which support Plaintiff's response to Special Interrogatory No. 17.

**REQUEST FOR PRODUCTION NO. 18:**

    All documents which support Plaintiff's response to Special Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 19:**

    All documents which support Plaintiff's response to Special Interrogatory No. 19.

**REQUEST FOR PRODUCTION NO. 20:**

    All documents which support Plaintiff's response to Special Interrogatory No. 20.

**REQUEST FOR PRODUCTION NO.21:**

    All documents which support Plaintiff's response to Special Interrogatory No. 21.

**REQUEST FOR PRODUCTION NO. 22:**

    All documents which support Plaintiff's response to Special Interrogatory No. 22.

**REQUEST FOR PRODUCTION NO. 23:**

    All documents received by Plaintiff or her counsel from the United States Coast Guard relating in any way to the incident alleged in the Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

    All documents received by Plaintiff or her counsel relating to the results of the autopsy performed on the Decedent.

**REQUEST FOR PRODUCTION NO. 25:**

    The vessel BUONA MADRE, and any equipment, gear, supplies, machinery or appurtenances thereof, that has been recovered from the accident site.

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Request for Production to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\RFP Set 1.doc

**REQUEST FOR PRODUCTION NO. 26:**

All clothing, gear, or equipment worn by the Decedent at the time his body was recovered. For purposes of this request, "clothes, gear, or equipment" means any type of clothing and/or survival gear (including but not limited to a life jacket or immersion suit) found on the Decedent when his body was recovered.

**REQUEST FOR PRODUCTION NO. 27:**

All income tax returns, and/or other records of earnings, of the Decedent for the last 10 years.

**REQUEST FOR PRODUCTION NO. 28:**

All documents that identify all safety equipment (including but not limited to fog signals, lights, radar reflectors, navigation equipment, radar, radio, etc.) that was aboard the F/V BUONA MADRE at the time of the alleged collision.

**REQUEST FOR PRODUCTION NO. 29:**

All documents that are photographic images of the F/V BUONA MADRE maintained in any and all mediums.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to, pertaining to, or discussing, in any way the F/V BUONA MADRE.


DATED: March 17, 2008          EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP


By_____
                James J. Tamulski
                Jared A. Washkowitz
        Attorneys for Defendants REDERIET OTTO DANIELSEN,
        and K.S. ARIES SHIPPING

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

Defendants' Request for Production to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\RFP Set 1.doc

# CERTIFICATE OF SERVICE

***Lori Wade, Representative of Paul Alan Wade, Deceased v. Matson Navigation Company***
**USDC, Northern District of California (San Francisco), Case No. C 07-05487 JCS**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 49 Stevenson Street, Suite 400, San Francisco, CA, 94105. On April 15, 2008, I served the foregoing document described as

## DEFENDANTS REDERIET OTTO DANIELSEN, AND K.S. ARIES SHIPPING'S REQUESTS FOR PRODUCTION, SET ONE, TO PLAINTIFF

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

John R. Hillsman
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
*Attorney for Plaintiffs, Lori Wade, Rep. Paul Alan Wade*
Tele:   415-421-9292
Fax:   415-403-0202
Email:  uroy3@aol.com

**[XXX) MY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[   ]  (BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee.

**[   ]  (BY FACSIMILE)** I caused such document to be transmitted from my employer's facsimile machine telephone number (415) 227-4255 to the offices of the addressee at the facsimile machine telephone number listed above. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error and indicating the time of such transmission. A copy of the said transmission report is attached hereto.

**[XXX]          (FEDERAL)** I declare under penalty of perjury in accordance with 28 U.S.C. 1746 that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 15, 2008, at San Francisco, California.

_____
Lorri A. Garcia
(Type or Print Name)                                          (Signature

Defendants' Request for Production to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\RFP Set 1.doc

**EXHIBIT H**

John R. Hillsman (State Bar No. 71220)
Abraham Feinstein Hillsman (State Bar No. 241810)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 421-9292

Attorneys for Plaintiff
LORI WADE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LORI WADE, individually and as Personal
Representative of PAUL ALAN WADE
Deceased,

                         Plaintiff,

vs.

TSCHUDI SHIPPING COMPANY A.S.,
REDERIET OTTO DANIELSEN, K/S
ARIES SHIPPING, FIRST BALTIC SHIP
MANAGEMENT A.S.

                         Defendants.

No.  C 07 5487 CW

E-FILING

PLAINTIFF'S RESPONSES TO
DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION

PROPOUNDING PARTY:    Defendants REDERIET OTTO DANIELSEN,
                                      and K.S. ARIES SHIPPING

RESPONDING PARTY:    Plaintiff LORI WADE

SET NUMBER:             ONE

      COMES NOW PLAINTIFF LORI WADE, pursuant to Rule 34 of the Federal Rules of

Federal Procedure, and hereby responds to the First Set of Requests for Production

propounded to her by Defendants as follows:

Plaintiff's Responses to First
Set of Requests for Production

1

## REQUEST FOR PRODUCTION NO. 1:

All documents which support Plaintiff's response to Special Interrogatory No. 1. For purposes of this request for production and all requests hereafter, "documents" shall be synonymous which "writing" as defined by Cal. Evidence Code § 250.

## RESPONSE:

As stated in Plaintiff's response to Special Interrogatory No. 1, our discovery is continuing. In the meantime, Plaintiff is producing herewith the following documents:[1]

1)   Decedent's Form W-2 Wage and Tax Statement for 2002
     (BateStamp No. 465)

2)   Decedent's Federal Form 1040 tax return for 2004
     (BateStamp Nos. 466 -480)

3)   Decedent's Federal Form 1040 tax return for 2005
     (BateStamp Nos. 481 - 493)

4)   Decedent's Federal Form 1040 tax return for 2006
     (BateStamp Nos. 494-509)

5)   certified report dated May 6, 2008 from the California Department of
     Fish and Game of all Landing Receipt records for Decedent from
     1987 through 2007
     (BateStamp Nos. 510-511)

## REQUEST FOR PRODUCTION NO. 2:

All documents which support Plaintiff's response to Special Interrogatory No. 2.

## RESPONSE:

Please see response to Request for Production No. 1 above.

## REQUEST FOR PRODUCTION NO. 3:

All documents which support Plaintiff's response to Special Interrogatory No. 3.

## RESPONSE:

Plaintiff is producing the attached photocopy of her check dated 2/21/06 payable to Tom Dolan in the amount of Eighteen Thousand, Five Hundred Dollars ($18,500.00) for purchase of

---

[1]   For the parties' future convenience, Plaintiff has BateStamped the documents produced herewith in numerical sequence following the last BateStamped number of documents produced in her March 25, 2008 Initial Disclosures (which was No. 464.)

Plaintiff's Responses to First
Set of Requests for Production

2

the *BUONA MADRE*. (BateStamp No. 512)

**REQUEST FOR PRODUCTION NO. 4:**

All documents which support Plaintiff's response to Special Interrogatory No. 4.

**RESPONSE**:

Plaintiff does not have such documents at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 5:**

All documents which support Plaintiff's response to Special Interrogatory No. 5.

**RESPONSE**:

Plaintiff does not have such documents at this time. Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 6:**

All documents which support Plaintiff's response to Special Interrogatory No. 6.

**RESPONSE**:

Plaintiff does not have such documents at this time. Discovery is continuing. Please see the photocopies of the color photographs of the BUONA MADRE that Plaintiff produced in her Initial Disclosures dated March 25, 2008, as well as those photocopies produced herewith.

**REQUEST FOR PRODUCTION NO. 7:**

All documents which support Plaintiff's response to Special Interrogatory No. 7.

**RESPONSE**:

Plaintiff has objected to Special Interrogatory No. 7 on the grounds that it calls for expert testimony.

**REQUEST FOR PRODUCTION NO. 8:**

All documents which support Plaintiff's response to Special Interrogatory No. 8.

**RESPONSE**:

Plaintiff already produced the Purchase Agreement from Mount Tamalpais Mortuary & Cemetery in her Initial Disclosures dated March 25, 2008. (BateStamp page No. 442)

**REQUEST FOR PRODUCTION NO. 9:**

All documents which support Plaintiff's response to Special Interrogatory No. 9.

Plaintiff's Responses to First
Set of Requests for Production

3

**RESPONSE**:

Plaintiff has objected to Special Interrogatory on the grounds that it is irrelevant, unintelligible, and calls for expert testimony.

**REQUEST FOR PRODUCTION NO. 10:**

All documents which support Plaintiff's response to Special Interrogatory No. 10.

**RESPONSE**:

Plaintiff has objected to Special Interrogatory No. 10 on the grounds that it is overbroad and ambiguous. The pecuniary value of the damages have yet to be fully calculated, as Plaintiff has not yet consulted an expert economist with respect to the calculation of these losses.

**REQUEST FOR PRODUCTION NO. 11:**

All documents which support Plaintiff's response to Special Interrogatory No. 11.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 12:**

All documents which support Plaintiff's response to Special Interrogatory No. 12.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 13:**

All documents which support Plaintiff's response to Special Interrogatory No. 13.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 14:**

All documents which support Plaintiff's response to Special Interrogatory No. 14.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Responses to First
Set of Requests for Production

4

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 15:**

All documents which support Plaintiff's response to Special Interrogatory No. 15.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 16:**

All documents which support Plaintiff's response to Special Interrogatory No. 16.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 17:**

All documents which support Plaintiff's response to Special Interrogatory No. 17.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 18:**

All documents which support Plaintiff's response to Special Interrogatory No. 18.

**RESPONSE**:

Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 19:**

All documents which support Plaintiff's response to Special Interrogatory No. 19.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Responses to First
Set of Requests for Production

5

**RESPONSE**:

    Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 20:**

    All documents which support Plaintiff's response to Special Interrogatory No. 20.

**RESPONSE**:

    Plaintiff produced the report dated August 28, 2007 from the Sonoma County Sheriff's Department, Office of the Coroner, in her March 25, 2008 Initial Disclosures (BateStamped pages Nos. 329 to 334).

**REQUEST FOR PRODUCTION NO. 21:**

    All documents which support Plaintiff's response to Special Interrogatory No. 21.

**RESPONSE**:

    Plaintiff's response to said Special Interrogatory is that it is premature, and discovery is continuing.

**REQUEST FOR PRODUCTION NO. 22:**

    All documents which support Plaintiff's response to Special Interrogatory No. 22.

**RESPONSE**:

    Plaintiff has objected to Special Interrogatory No. 22 on the grounds that it is overbroad, ambiguous, and compound. The pecuniary value of the damages have yet to be fully calculated, as Plaintiff has not yet consulted an expert economist with respect to the calculation of these losses.

**REQUEST FOR PRODUCTION NO. 23:**

    All documents received by Plaintiff or her counsel from the United State Coast Guard relating in any way to the incident alleged in the Complaint.

**RESPONSE**:

    Plaintiff has produced all such documents in her Initial Disclosures dated March 25, 2008. (Disclosed Items B: 1, 2, 3, 4, 5, and 14 - which include BateStamped pages 01

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Responses to First
Set of Requests for Production

6

1    through 326 and pages 443 through 464)

2    **REQUEST FOR PRODUCTION NO. 24:**

3      All documents received by Plaintiff or her counsel relating to the results of the autopsy

4    performed on the Decedent.

5    **RESPONSE**:

6      Plaintiff has produced all such documents in her Initial Disclosures dated March 25,

7    2008. (Disclosed Item B: 6 - BateStamped pages 327 through 334)

8    **REQUEST FOR PRODUCTION NO. 25:**

9      The vessel BUONA MADRE, and any equipment, gear, supplies, machinery, or

10    appurtenances thereof, that has been recovered from the accident site.

11    **RESPONSE**:

12      Plaintiff is not aware that the vessel nor any of it appurtenances has been recovered and

13    believes they remain in the waters of the accident site.

14    **REQUEST FOR PRODUCTION NO. 26:**

15      All clothing, gear, or equipment worn by the Decedent at the time his body was

16    recovered. For purposes of this request, "clothes, gear, or equipment" means any type of

17    clothing and/or survival gear (including but not limited to a life jacket or immersion suit) found

18    on the Decedent when his body was recovered.

19    **RESPONSE**:

20      Please see BateStamped page 327 item B 6 of Plaintiff's March 25, 2008 Initial

21    Disclosures that states, "Clothing contaminated with body fluids/tissues is deemed a Biohazard

22    and is disposed of in a manner prescribed by law."

23    **REQUEST FOR PRODUCTION NO. 27:**

24      All income tax returns, and/or other records of earnings, of the Decedent for the last 10

25    years.

26    **RESPONSE**:

27      Objection, overbroad as to time.   Without waiving this objection, Plaintiff is producing

28

Plaintiff's Responses to First
Set of Requests for Production

7

herewith the income tax returns itemized in Response to Request for Production No. 1 above.

**REQUEST FOR PRODUCTION NO. 28:**

All documents that identify all safety equipment (including but not limited to fog signals, lights, radar reflectors, navigation equipment, radar, radio, etc.) that was aboard the F/V BUONA MADRE at the time of the alleged collision.

**RESPONSE**:

Plaintiff has no such documents at this point in time. Please see the photocopies of the 10 color photographs of the BUONA MADRE produced herewith. (BateStamped Nos. 513-517). Discovery is continuing.

**REQUEST FOR PRODUCTION NO. 29:**

All documents that are photographic images of the F/V BUONA MADRE maintained in any and all mediums.

**RESPONSE**:

Objection, overbroad.   Without waiving this objection, Plaintiff  produced several such images in her Initial Disclosures dated March 25, 2008. (Disclosed Item B:  12 - BateStamped pages 433 and 434)  and produces herewith 10 additional color photocopies of photographs of the F/V BUONA MADRE .

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to, pertaining to, or discussing, in any way the F/V BUONA MADRE.

**RESPONSE**:

Objection, overbroad.

Dated: June 2, 2008

McGuinn, Hillsman & Palefsky
Attorneys for Plaintiff

By: _____
JOHN R. HILLSMAN

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Responses to First
Set of  Requests for Production

8

**EXHIBIT I**

1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   James J. Tamulski (State Bar #64880)
2  Jared A. Washkowitz (State Bar #226211)
   49 Stevenson Street, Suite 400
3  San Francisco, CA  94105
   Telephone:    (415) 227-9455
4  Facsimile:    (415) 227-4255
   E-Mail:       jtamulski@edptlaw.com
5                jwashkowitz@edptlaw.com

6  Attorneys for Defendants
   REDERIET OTTO DANIELSEN,
7  K.S. SHIPPING

8

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13
   LORI WADE, individually and as Personal       Case No.:  C 07 5487
14 Representative of PAUL ALAN WADE,
   Deceased,                                      **DEFENDANTS REDERIET OTTO**
15                                                **DANIELSEN, and K/S ARIES**
                    Plaintiff,                    **SHIPPING'S SPECIAL**
16                                                **INTERROGATORIES, SET ONE, TO**
              Vs.                                 **PLAINTIFF**
17 TSCHUDI SHIPPING COMPANY, A.S.,
   REDERIET OTTO DANIELSEN, ARIES
18 MARITIME TRANSPORT, LTD., FIRST
   BALTIC SHIP MANAGMENT, A.S.
19
                    Defendants.
20

21 PROPOUNDING PARTY:    Defendants REDERIET OTTO DANIELSEN, and K.S. ARIES

22                       SHIPPING

23 RESPONDING PARTY:     Plaintiff LORI WADE, individually and as Personal

24                       Representative of PAUL ALAN WADE, Deceased

25 SET NO.:              One.

26       Defendants  REDERIET OTTO DANIELSEN (herein "REDERIET"), and K.S. ARIES

27 SHIPPING (herein "ARIES") (collectively "Defendants") hereby propound the following special

28
                                         - 1 -
Defendants' Special Interrogatories to Plaintiff, Set One
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

interrogatories upon Plaintiff, to be answered under oath within the time limits prescribed by law:

**SPECIAL INTERROGATORY NO. 1:**

Please state with specificity PAUL ALAN WADE's (herein "the Decedent") gross income from commercial fishing for each of the ten years preceding his death.

**SPECIAL INTERROGATORY NO. 2:**

Please state with specificity the Decedent's gross income from any source other than commercial fishing for each of the ten years preceding his death.

**SPECIAL INTERROGATORY NO. 3:**

Please state with specificity the purchase price of the commercial fishing vessel BUONA MADRE when it was purchased by, or for the use of, Plaintiff and the Decedent.

**SPECIAL INTERROGATORY NO. 4:**

Please state with specificity the purchase price of all permits and/or licenses from any agency of the State of California (including but not limited to the California Department of Fish & Game) related to the Decedent's use of the BUONA MADRE in the commercial fishing business for each of the ten years preceding the Decedent's death.  For purposes of this interrogatory, "purchase price" means the initial cost of such permits and/or licenses and any applicable annual renewal costs.

**SPECIAL INTERROGATORY NO. 5:**

Please state with specificity the purchase price of all permits and/or licenses from any agency of the federal government related to the Decedent's use of the BUONA MADRE in the commercial fishing business for each of the ten years preceding the Decedent's death.  For purposes of this interrogatory, "purchase price" means the initial cost of such permits and/or licenses and any applicable annual renewal costs.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Special Interrogatories to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

**SPECIAL INTERROGATOR NO. 6:**

Please describe with specificity all equipment aboard the BOUNA MADRE at the time of the accident alleged in the First Amended Complaint. For purposes of this interrogatory, "equipment" means all items that did **not** come with the vessel at the time it was purchased by Plaintiff and the Decedent.

**SPECIAL INTERROGATORY NO. 7:**

Please state with specificity the actual value, at the time of the alleged collision, of each piece of equipment identified in response to the previous interrogatory. For purposes of this interrogatory, "actual value" means the depreciated value of the equipment identified in response to the previous interrogatory.

**SPECIAL INTERROGATORY No. 8:**

Please state with specificity the total funeral costs incurred by Plaintiff on account of the death of the Decedent.

**SPECIAL INTERROGATORY NO. 9**

Please state with specificity the amount of time that you contend the Decedent was alive following the alleged collision.

**SPECIAL INTERROGATORY NO. 10:**

Please describe with specificity all pecuniary damages (other than items discussed in previous interrogatories) Plaintiff claims to have sustained as a result of the death of the Decedent.

**SPECIAL INTERROGATORY NO. 11:**

Please state all facts that support Plaintiff's contention that Defendants violated Rule 5 of the 1972 COLREGS, 33 U.S.C.A. § 1602, as alleged in ¶ 21(b)(i) of the First Amended Complaint.

- 3 -

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Special Interrogatories to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

**SPECIAL INTERROGATORY NO. 12:**

Please state all facts that support Plaintiff's contention that Defendants violated Rule 6 of the 1972 COLREGS, 33 U.S.C.A. § 1602, as alleged in ¶ 21(b)(ii) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 13:**

Please state all facts that support Plaintiff's contention that Defendants violated Rule 7 of the 1972 COLREGS, 33 U.S.C.A. § 1602, as alleged in ¶ 21(b)(iii) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 14:**

Please state all facts that support Plaintiff's contention that Defendants violated Rule 8 of the 1972 COLREGS, 33 U.S.C.A. § 1602, as alleged in ¶ 21(b)(iv) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 15:**

Please state all facts that support Plaintiff's contention that Defendants violated Rule 19 of the 1972 COLREGS, 33 U.S.C.A. § 1602, as alleged in ¶ 21(b)(v) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 16:**

Please state all facts that support Plaintiff's contention that Defendants violated Rule 35 of the 1972 COLREGS, 33 U.S.C.A. § 1602, as alleged in ¶ 21(b)(vi) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 17:**

Please state all facts that support Plaintiff's contention that the M/V EVA DANIELSEN "deviated from the customary shipping lanes", as alleged in ¶ 16 of the First Amended Complaint.

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Special Interrogatories to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

**SPECIAL INTERROGATORY NO. 18:**

Please state all facts which support Plaintiff's contention that Defendants knew or should have known that the waters into which the M/V EVA DANIELSEN proceeded were "home to a busy, local fishing ground", as alleged in ¶ 16(a) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 19:**

Please state all facts which support Plaintiff's contention that Defendants knew or should have known that "there were likely to be many small, wooden-hulled, commercial fishing vessels operating in the *Eva Danielson* [sic] projected course", as alleged in ¶ 16(c) of the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 20:**

Please state all facts which support Plaintiff's contention that the Decedent survived the initial impact with the M/V EVA DANIELSEN, as alleged in ¶ 18 of the First Amended Complaint ("Decedent was then and there alive, alone, afloat, and injured upon wave tossed ocean waters six nautical miles from shore.")

**SPECIAL INTERROGATORY NO. 21:**

Please state all facts that support Plaintiff's contention that the Defendants operated the EVA DANIELSEN with gross negligence or in reckless disregard of the safety of others at the time of the alleged collision.

**SPECIAL INTERROGATORY NO. 22:**

Please state all facts that support any claim for pecuniary damages sought on behalf of any of the children identified in the First Amended Complaint.

**SPECIAL INTERROGATORY NO. 23:**

Please state all facts that support Plaintiff's denial of any of Defendants' Requests for Admission served concurrently herewith.

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Special Interrogatories to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

DATED:  March 17, 2008          EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP


By_____
          James J. Tamulski
          Jared A. Washkowitz
Attorneys for Defendants REDERIET OTTO DANIELSEN,
and K.S. ARIES SHIPPING

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

Defendants' Special Interrogatories to Plaintiff, Set One
Case No.:  C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

## CERTIFICATE OF SERVICE

***Lori Wade, Representative of Paul Alan Wade, Deceased v. Matson Navigation Company***
**USDC, Northern District of California (San Francisco), Case No. C 07-05487 JCS**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 49 Stevenson Street, Suite 400, San Francisco, CA, 94105. On April 15, 2008, I served the foregoing document described as

**DEFENDANTS TSCHUDI SHIPPING COMPANY, A.S., REDERIET OTTO DANIELSEN, ARIES MARITIME TRANSPORT, LTD., FIRST BALTIC SHIP MANAGMENT, A.S.'S SPECIAL INTERROGATORIES, SET ONE, TO PLAINTIFF**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

John R. Hillsman
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
*Attorney for Plaintiffs, Lori Wade, Rep. Paul Alan Wade*
Tele:   415-421-9292
Fax:    415-403-0202
Email:  uroy3@aol.com

**[XXX) MY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ] **(BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee.

[   ] **(BY FACSIMILE)** I caused such document to be transmitted from my employer's facsimile machine telephone number (415) 227-4255 to the offices of the addressee at the facsimile machine telephone number listed above. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error and indicating the time of such transmission. A copy of the said transmission report is attached hereto.

[XXX]                    **(FEDERAL)** I declare under penalty of perjury in accordance with 28 U.S.C. 1746 that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 15, 2008, at San Francisco, California.

Lorri A. Garcia
(Type or Print Name)                    (Signature)

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Defendants' Special Interrogatories to Plaintiff, Set One
Case No.: C 07 5487
G:\45100.011 EVA DANIELSEN\Discovery\Special Rogs Set 1.doc

**EXHIBIT J**

1   John R. Hillsman (State Bar No. 71220)
    Abraham Feinstein Hillsman (State Bar No. 241810)
2   McGuinn, Hillsman & Palefsky
    535 Pacific Avenue
3   San Francisco, California 94133
    Telephone: (415) 421-9292
4
    Attorneys for Plaintiff
5   LORI WADE

6

7

8                  UNITED STATES DISTRICT COURT FOR THE

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  LORI WADE, individually and as Personal      )   No. C 07 5487 CW
    Representative of PAUL ALAN WADE             )
12  Deceased,                                    )   E-FILING
                                                 )
13                          Plaintiff,           )   PLAINTIFF'S RESPONSES TO
                                                 )   DEFENDANTS' FIRST SET OF
14  vs.                                          )   SPECIAL INTERROGATORIES
                                                 )
15  TSCHUDI SHIPPING COMPANY A.S.,               )
    REDERIET OTTO DANIELSEN, K/S                 )
16  ARIES SHIPPING, FIRST BALTIC SHIP            )
17  MANAGEMENT A.S.                              )
                                                 )
18                          Defendants.          )
                                                 )

19
    PROPOUNDING PARTY:    Defendants REDERIET OTTO DANIELSEN, and
20                        K.S. ARIES SHIPPING

21  RESPONDING PARTY:     Plaintiff LORI WADE

22  SET NUMBER:           ONE - Special

23

24         COMES NOW PLAINTIFF LORI WADE, pursuant to Rule 33 of the Federal Rules of

25  Federal Procedure, and hereby responds to the First Set of Special Interrogatories propounded

26  to her by Defendants as follows:

27

28

Plaintiff's Answers to First Set of
Special Interrogatories                                                              1

**SPECIAL INTERROGATORY NO. 1:**

Please state with specificity PAUL ALAN WADE's (herein "the Decedent") gross income from commercial fishing for each of the ten years preceding his death.

**PLAINTIFF'S RESPONSE:**

Plaintiff cannot state Decedent's gross income from commercial fishing at this point in time, but she will amend these answers and provide that information as soon as she has complied it. In the interim, please see the documents Plaintiff is producing in her Response to Request for Production No. 1.

**SPECIAL INTERROGATORY NO. 2:**

Please state with specificity the Decedent's gross income from any source other than commercial fishing for each of the ten years preceding his death.

**PLAINTIFF'S RESPONSE:**

Plaintiff cannot state Decedent's gross income from any source other than commercial fishing at this point in time, but she will amend these answers and provide that information as soon as she has complied it. In the interim, please see the documents Plaintiff is producing in her Response to Request for Production No. 1.

**SPECIAL INTERROGATORY NO. 3:**

Please state with specificity the purchase price of the commercial fishing vessel BUONA MADRE when it was purchased by, or for the use of, Plaintiff and the Decedent.

**PLAINTIFF'S RESPONSE:**

$18,500.00

**SPECIAL INTERROGATORY NO. 4:**

Please state with specificity the purchase price of all permits and/or licenses from any agency of the State of California (including but not limited to the California Department of Fish & Game) related to the Decedent's use of the BUONA MADRE in the commercial fishing business for each of the ten years preceding the Decedent's death. For purposes of this

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

Plaintiff's Answers to First Set of
Special Interrogatories

2

interrogatory, "purchase price" means the initial cost of such permits and/or licenses and any applicable annual renewal costs.

**PLAINTIFF'S RESPONSE:**

Plaintiff does not yet have this information but she will provide it as soon as she compiles it. Discovery is continuing.

**SPECIAL INTERROGATORY NO. 5:**

Please state with specificity the purchase price of all permits and/or licenses from any agency of the federal government related to the Decedent's use of the BUONA MADRE in the commercial fishing business for each of the ten years preceding the Decedent's death. For purposes of this interrogatory, "purchase price" means the initial cost of such permits and/or licenses and any applicable annual renewal costs.

**PLAINTIFF'S RESPONSE:**

Plaintiff does not yet have this information but she will provide it as soon as she compiles it. Discovery is continuing.

**SPECIAL INTERROGATORY NO. 6:**

Please describe with specificity all equipment aboard the BUONA MADRE at the time of the accident alleged in the First Amended Complaint. For purposes of this interrogatory, "equipment" means all items that did **not** come with the vessel at the time it was purchased by Plaintiff and the Decedent.

**PLAINTIFF'S RESPONSE:**

Plaintiff does not presently have this information but she will provide it as soon as she compiles it. Discovery is continuing.

**SPECIAL INTERROGATORY NO. 7:**

Please state with specificity the actual value, at the time of the alleged collision, of each piece of equipment identified in response to the previous interrogatory. For purposes of this interrogatory, "actual value" means the depreciated value of the equipment identified in response to the previous interrogatory.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133

Plaintiff's Answers to First Set of
Special Interrogatories

3

**PLAINTIFF'S RESPONSE:**

Objection. Calls for expert testimony.

**SPECIAL INTERROGATORY NO. 8:**

Please state with specificity the total funeral costs incurred by Plaintiff on account of the death of the Decedent.

**PLAINTIFF'S RESPONSE:**

$1,621.43.

**SPECIAL INTERROGATORY NO. 9:**

Please state with specificity the Decedent amount of time you contend the Decedent was alive following to the alleged collision.

**PLAINTIFF'S RESPONSE:**

Objection. Unintelligible; calls for expert testimony.

**SPECIAL INTERROGATORY NO. 10:**

Please describe with specificity all pecuniary damages (other than items discussed in previous interrogatories) Plaintiff claims to have sustained as a result of the death of the Decedent.

**PLAINTIFF'S RESPONSE:**

Objection: overbroad, ambiguous. Subject to objection and without waiving objection we respond: Plaintiff has lost the pecuniary value of decedent's care, services, guidance, nurture, training, instruction, inheritance, income, and support as a husband and father.

**SPECIAL INTERROGATORY NO. 11:**

Please state all facts that support Plaintiff's contention that Defendants violated rule 5 of the 1972 COLREGS, 33 U.S.C.A § 1602, as alleged in ¶ 21(b)(i) of the First Amended Complaint. The available evidence nonetheless indicates that the crew of the *M/V Eva Danielson* were not keeping a proper look-out by sign and hearing as well as by all available means appropriate to the foggy conditions through which that vessel was motoring.

Plaintiff's Answers to First Set of
Special Interrogatories

4

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. Discovery is continuing.

**SPECIAL INTERROGATORY NO. 12:**

Please state all facts that support Plaintiff's contention that Defendants violated rule 6 of the 1972 COLREGS, 33 U.S.C.A § 1602, as alleged in ¶ 21(b)(ii) of the First Amended Complaint.

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. Discovery is continuing. The available evidence nonetheless indicates that the *M/V Eva Danielson* was not proceeding at a speed that was safe for the foggy conditions through which that vessel was motoring.

**SPECIAL INTERROGATORY NO. 13:**

Please state all facts that support Plaintiff's contention that Defendants violated rule 7 of the 1972 COLREGS, 33 U.S.C.A § 1602, as alleged in ¶ 21(b)(iii) of the First Amended Complaint.

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. Discovery is continuing. The available evidence nonetheless indicates that the *M/V Eva Danielson* did not use all available means to determine the risk of collision with the *F/V Bouna Madre* in the foggy conditions through which that vessel was motoring.

**SPECIAL INTERROGATORY NO. 14:**

Please state all facts that support Plaintiff's contention that Defendants violated rule 8 of

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Answers to First Set of
Special Interrogatories

5

1   the 1972 COLREGS, 33 U.S.C.A § 1602, as alleged in ¶ 21(b)(iv) of the First Amended

2   Complaint.

3   **PLAINTIFF'S RESPONSE:**

4        The Coast Guard has not yet issued its report in this case, nor have the parties taken the

5   depositions of any material witnesses.  As a consequence, Plaintiff does not have the

6   information she needs to state "all facts" supporting her contention.  Discovery is continuing.

7   The available evidence nonetheless indicates that the *M/V Eva Danielson* did not use all

8   available means to avoid a collision with the *F/V Bouna Madre* in the foggy conditions through

9   which that vessel was motoring.

10  **SPECIAL INTERROGATORY NO. 15:**

11       Please state all facts that support Plaintiff's contention that Defendants violated rule 19

12  of the 1972 COLREGS, 33 U.S.C.A § 1602, as alleged in ¶ 21(b)(v) of the First Amended

13  Complaint.

14  **PLAINTIFF'S RESPONSE:**

15       The Coast Guard has not yet issued its report in this case, nor have the parties taken the

16  depositions of any material witnesses.  As a consequence, Plaintiff does not have the

17  information she needs to state "all facts" supporting her contention.  Discovery is continuing.

18  The available evidence nonetheless indicates that the *M/V Eva Danielson* was not proceeding at

19  a speed that was adapted to the foggy conditions through which that vessel was motoring.

20  **SPECIAL INTERROGATORY NO. 16:**

21       Please state all facts that support Plaintiff's contention that Defendants violated rule 35

22  of the 1972 COLREGS, 33 U.S.C.A § 1602, as alleged in ¶ 21(b)(vi) of the First Amended

23  Complaint.

24  **PLAINTIFF'S RESPONSE:**

25       The Coast Guard has not yet issued its report in this case, nor have the parties taken the

26  depositions of any material witnesses.  As a consequence, Plaintiff does not have the

27  information she needs to state "all facts" supporting her contention.  Discovery is continuing.

28

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Answers to First Set of
Special Interrogatories

6

The available evidence nonetheless indicates that the *M/V Eva Danielson* was not sounding the appropriate signals for the foggy conditions through which that vessel was making way.

**SPECIAL INTERROGATORY NO. 17:**

Please state all facts that support Plaintiff's contention that the M/V EVA DANIELSEN "deviated from the customary shipping lines", as alleged in ¶ 16 of the First Amended Complaint.

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. The available evidence nonetheless indicates that the *M/V Eva Danielsen* was proceeding between just six and seven nautical miles off Point Reyes, well outside the customary shipping lanes for commercial vessels of that size.

**SPECIAL INTERROGATORY NO. 18:**

Please state all facts which support Plaintiff's contention that Defendants knew of should have known that the waters into which the M/V EVA DANIELSEN proceeded were "home to a busy, local fishing ground", as alleged in ¶ 16(a) of the First Amended Complaint.

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. Quite apart from the fact that the waters where this collision took place have long been an a busy, local fishing ground, the available evidence nonetheless indicates that the *M/V Eva Danielsen* not only knew there were fishing boats in the area through which she was motoring, but that she attempted to contact them on the radio immediately after the collision.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Answers to First Set of
Special Interrogatories

7

**SPECIAL INTERROGATORY NO. 19:**

Please state all facts which support Plaintiff's contention that Defendants knew or should have known that "there were likely to be many small, wooden-hulled, commercial fishing vessels operating in the *Eva Danielson* [sic] projected course", as alleged in ¶ 16(c) of the First Amended Complaint.

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. Quite apart from the fact that the waters where this collision took place have long been an a busy, local fishing ground, the available evidence nonetheless indicates that the *M/V Eva Danielsen* not only knew there were fishing boats in the area through which she was motoring, but that she attempted to contact them on the radio immediately after the collision.

**SPECIAL INTERROGATORY NO. 20:**

Please state all facts which support Plaintiff's contention that the Decedent survived the initial impact with the M/V EVA DANIELSEN, as alleged in ¶ 18 of the First Amended Complaint ("Decedent was then and there alive, alone, afloat, and injured upon wave tossed ocean waters six nautical miles from shore.")

**PLAINTIFF'S RESPONSE:**

The August 28, 2007 report of the Sonoma County Sheriff's Department, Office of the Coroner (produced in Plaintiff's Initial Disclosures as BateStamped pages Nos. 329 to 334) confirms that Decedent survived the collision and ultimately succumbed to drowning or exposure.

**SPECIAL INTERROGATORY NO. 21:**

Please state all facts that support Plaintiff's contention that the Defendants operated the EVA DANIELSEN with gross negligence or in reckless disregard of the safety of others at the time of the alleged collision.

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Answers to First Set of
Special Interrogatories

8

**PLAINTIFF'S RESPONSE:**

The Coast Guard has not yet issued its report in this case, nor have the parties taken the depositions of any material witnesses. As a consequence, Plaintiff does not have the information she needs to state "all facts" supporting her contention. The available evidence nonetheless indicates that the *M/V Eva Danielsen* was proceeding at an unsafe speed, in heavy fog, well outside the customary shipping lanes, through a known fishing ground, without maintaining a proper look-out or sounding the required fog signals, in reckless violation of the International Rules of Navigation.

**SPECIAL INTERROGATORY NO. 22:**

Please state all facts that support any claim for pecuniary damages sought on behalf of any of the children identified in the First Amended Complaint.

**PLAINTIFF'S RESPONSE:**

Objection: overbroad, ambiguous, compound. Subject to objection and without waiving objection we respond: decedent's children have lost the pecuniary value of decedent's care, services, guidance, nurture, training, instruction, inheritance, income, and support as a father.

**SPECIAL INTERROGATORY NO. 23:**

Please state all the facts that support Plaintiff's denial of any of Defendants' Requests for Admission served concurrently herewith.

**PLAINTIFF'S RESPONSE:**

Objection: overbroad, ambiguous, compound as to Request for Admission 4. Without waiving those objections, Plaintiff replies that Decedent had a source of income other than commercial fishing during the years 2002, 2003 and 2004. Plaintiff further responds that Decedent did support his children with services, guidance, nurture, training, instruction, inheritance, income, and gifts.

Dated: June 2, 2008

McGuinn, Hillsman & Palefsky
Attorneys for Plaintiff

By: _____
JOHN R. HILLSMAN

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Answers to First Set of
Special Interrogatories

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I am the Plaintiff herein.  I have read the foregoing

## RESPONSES TO FIRST SET OF SPECIAL INTERROGATORIES

and know the contents thereof, and I certify that the same is true of my own knowledge, except as

to matters which are therein stated upon my information or belief, and as to those matters, I believe

them to be true.

I declare under penalty of perjury under the laws of the State of California  that the

foregoing is true and correct.

Executed on _____June 1_____, 2008, at Santa Cruz, CA

LORI WADE

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

## PROOF OF SERVICE

CASE NAME:      *WADE vs. TSCHUDI SHIPPING COMPANY A.S., et al.*
CASE NO.:       C 07-05487 CW
COURT:          U.S. District Court, Northern District - Oakland Office

I am employed in the City and County of San Francisco, California; I am over the age of eighteen years and not a party to the within action; my business address is 535 Pacific Avenue, San Francisco, California 94133. On the date last written below, I served the following documents:

**PLAINTIFF'S ANSWERS TO FIRST SET OF SPECIAL INTERROGATORIES**

on the parties, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

(A)   <u>By First Class Mail</u> - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U. S. mail in San Francisco, California, for collection and mailing to the office of the addressee on the date shown herein following ordinary business practices.

(B)   <u>By Personal Service</u> - I caused each such envelope to be delivered to a courier employed by Special T Delivery Service, with whom we have a direct billing account, who personally delivered each such envelope to the office of the addressee.

(C)   <u>By Federal Express</u> - I caused each such envelope to be delivered to the Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the office of the addressee on the next business day.

(D)   <u>By Facsimile</u> - I caused a copy of this document to be faxed to the parties noted at the fax numbers stated below. Attached hereto is a verification of reception.

| <u>Type of Service</u> | <u>Addressee</u> | <u>Party</u> |
|---|---|---|
| A | James J. Tumulski, Esq<br>Jared A. Washkowitz, Esq.<br>Emard, Danoff, Port, Tamulski & Paetzold<br>49 Stevenson Street, Suite 400<br>San Francisco, CA   94105 | Defendants |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of June, 2008, at San Francisco, California.

_____
Deborah Salae

Plaintiff's Answers to First Set of
Special Interrogatories

**EXHIBIT K**

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

## ATTORNEYS

49 Stevenson Street, Suite 400          www.edptlaw.com          Telephone: (415) 227-9455
San Francisco, California 94105                                  Facsimile: (415) 227-4255

June 6, 2008

***VIA FACSIMILE***

John R. Hillsman, Esq.
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, California 94133

> Re:    ***Wade v. Tschudi Shipping Company, A.S. et al.***
> **N.D.Cal. Case No.: C 07-5487**
> **Our File:  45100.011**

Dear John:

We are in receipt of Plaintiff's responses to Defendants' Special Interrogatories Set One, Requests for Production, Set One, and Requests for Admission, Set One. We write to meet and confer pursuant to Fed.R.Civ.P. 37 regarding Plaintiff's responses to Defendants' Requests for Production Nos. 1, 11-19 and 21.

Request for Production No. 1 requests all documents supporting Plaintiff's response to Special Interrogatory No. 1, which requests Plaintiff to state Mr. Wade's gross income from commercial fishing for the past ten years. Plaintiff produced Mr. Wade's tax returns for 2002, 2004, 2005 and 2006. Please also produce the tax returns for 2003 and 2007.

Requests for Production Nos. 11-19 and 21 request Plaintiff to produce all documents that support Plaintiff's responses to Special Interrogatories Nos. 11-19 and 21, which request Plaintiff to 'state all facts' supporting her various allegations. Plaintiff's response to each of the above requests for production is ". . premature, and discovery is continuing."

We believe these responses are based on Plaintiff's responses to Special Interrogatories Nos. 11-19 and 21, which indicate that Plaintiff does not have the information she needs to 'state all facts' supporting her contentions because the Coast Guard has not issued its report and material witnesses have not been deposed. However, each of these interrogatory responses go on to state that the available evidence nonetheless indicates that the M/V Eva Danielsen was in violation of various navigational rules. For example, Plaintiff's response to Special Interrogatory No.11 states that the available evidence indicates the crew was not keeping a proper lookout; the response to Special Interrogatory No. 12 states that the available evidence indicates the vessel was not proceeding at a safe speed; the response to Special Interrogatory No. 13 states that the available evidence indicates the vessel did not use all available means to determine the risk of collision; and so on.

John R. Hillsman, Esq.
June 6, 2008
Page 2


  Defendants are entitled to the 'available evidence' referenced in these interrogatory responses. We therefore respectfully request that Plaintiff amend her responses to Request for Production Nos. 11-19 and 21 and produce all documents that support Plaintiff's responses to Special Interrogatories Nos. 11-19 and 21.

  We hope to avoid court intervention and request that Plaintiff serve amended responses by next <u>Friday, June 13, 2008</u>.

  Finally, we note that several of Plaintiff's interrogatory responses indicate that she will amend her answers to provide further information. We request that any such amendments be 'seasonably' made as required be Fed.R.Civ.P. 26(e).

  Thank you, and please feel free to contact us if you would like to discuss these issues further.

     Very truly yours,


     Jared A. Washkowitz
      for
    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP


JAW/rsb

**EXHIBIT L**

# Jared Washkowitz

**From:** Jared Washkowitz
**Sent:** Tuesday, July 08, 2008 2:50 PM
**To:** 'Uroy3@aol.com'
**Cc:** James Tamulski
**Subject:** EVA DANIELSEN

Hi John,

I left a message for you earlier today.  I was calling to work out a stipulation to postpone the mediation and discuss some discovery issues.

As for mediation, it looks on our end most of September is good except for September 8, 12, 22 and 26.  Also, most of October looks available at this point.  Let us know what dates you propose.

Once I get dates from you I'll contact the mediator to check his availability. In the meantime I'll call the judge's clerk and see if we can do a Stip and Order or if a motion is needed.

As for discovery, I made a list of the items/information your office has informally requested.  Of these items, we have and will produce (1) the passage plan from SF to Portland and (2) Personnel and Training Manual.  We also have some emails from the master, but we are determining whether these are privileged.  If so we will send a privilege log, otherwise we will produce them.  We do not have any of the other items you have requested in our files, but we will double check with our clients (although we believe we have all of their records).

Also, we are waiting your response to our meet and confer letter regarding Plaintiff's responses to our RFP's.  In several responses Plaintiff states that 'the available evidence indicates x, y, and z".  We have requested Plaintiff to produce the 'available evidence' she refers to.  These items are discoverable.  We hope to resolve this informally so as not to create undue expense for all parties. Please confirm that Plaintiff will produce the 'available evidence' and/or supplement her responses.

Thanks,

**Jared A. Washkowitz**
Emard Danoff Port Tamulski & Paetzold LLP
49 Stevenson Street, Suite 400
San Francisco, CA  94105
Tel: (415) 227-9455
Fax: (415) 227-4255
jwashkowitz@edptlaw.com
www.edptlaw.com

*The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine.  It is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited.  If you have received this electronic message in error, please notify us by telephone at (415) 227-9455, and delete the original message from your e-mail system.*