1 | John J. Hughes, Cal. State Bar No. 96481
LAW OFFICE OF JOHN J. HUGHES
2 | Number One Cathedral Hill Tower
1200 Gough Street
3 | San Francisco, CA 94109
(415) 928-4200
4 | (415) 928-4264 Fax
Email: sealawyer@sbcglobal.net
5 | Attorney for Brian Stacy

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| BRIAN STACY, | ) CASE NO.: C 08 3586 CW |
|---|---|
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** </br> ) **FOR DAMAGES FOR MARITIME** </br> ) **PERSONAL INJURY** |
| - vs - | ) |
| REDERIET OTTO DANIELSEN, A.S., </br> K/S ARIES SHIPPING, and </br> MARINCONSULT SHIP MANAGEMENT, | ) </br> ) </br> ) |
| Defendants. | ) |

**PREAMBLE**

This First Amended Complaint by BRIAN STACY is filed as a matter of right before any responsive pleading has been filed or served pursuant to the provisions of Federal Rules of Civil Procedure, Rule 15(a)(1)(A). The purpose and effect of this amendment is to add MARINCONSULT SHIP MANAGEMENT as a party defendant.

PLAINTIFF ALLEGES:

**JURISDICTIONAL STATEMENT**

1. Jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States Code §1332(a)(2) on the grounds that the claims are brought by a citizen of the State of California against citizens and subjects of a foreign state and the claim for damages, exclusive of interest and costs, exceeds the jurisdictional minimum. The Complaint of BRIAN STACY is within the admiralty and maritime jurisdiction of this Court which is an alternative basis for jurisdiction, but the complaint

1  is brought and maintained in personam and at law pursuant to the Saving to Suitor's Clause of Title 28, United States Code §1333(1).

**INTRA-DISTRICT ASSIGNMENT**

2. The complaint alleges injuries which occurred aboard ship on the high seas off Point Reyes, California. There are no factors concerning intra-district assignment as set forth in Local Rule 3-2(c) applicable to this action.

**VENUE**

3. Venue in the Northern District of California under Title 28, United States Code §1391(d) is proper in that defendants are alien corporations subject to personal jurisdiction in the Northern District of California and subject to suit in any district.

**GENERAL ALLEGATIONS**

4. Plaintiff brings and maintains this action pursuant to the General Maritime Law, and to the extent applicable, the common law and statutes of the United States and the State of California.

5. Plaintiff, BRIAN STACY, is a citizen and resident of the State of California, and at all times herein mentioned, was the owner and operator of the F/V MARJA, a 32 foot commercial fishing vessel operating out of Morro Bay, California, and used to engage in commercial fishing on the high seas and navigable waters of the United States.

6. At all times herein mentioned defendants, REDERIET OTTO DANIELSEN, A.S., and K/S ARIES SHIPPING, were and are corporations organized and existing under the laws of the nation of Denmark, and defendant, MARINCONSULT SHIP MANAGEMENT, is a corporation organized and existing under the laws of the nation of Croatia.

7. Plaintiff is informed and believes and on that ground alleges that during all times herein mentioned defendants, REDERIET OTTO DANIELSEN, A.S., K/S ARIES SHIPPING, and MARINCONSULT SHIP MANAGEMENT owned, operated, chartered, managed, maintained, manned and navigated the M/V EVA DANIELSEN, a 291 foot commercial freighter of 4,286 dead weight tons designed to carry general cargo in international trade, and that same was used to engage in commerce on the high seas and navigable waters of the United States and the State of California

1  including San Francisco Bay.

2      8. Plaintiff is informed and believes and thereon alleges that during all times herein mentioned, defendants and each of them were the agents of each of the other defendants, and were acting within the scope of said agency in doing the things herein alleged.

    9. On the afternoon of July 13, 2007, MARJA was engaged along with a fleet of vessels including F/V BUONA MADRE in trolling for salmon in the fishing grounds off Point Reyes and was underway at a speed of less than 3 knots. Her fishing gear was deployed so that her maneuverability was restricted. Visibility in the area was restricted to near zero by a dense fog.

    10. Plaintiff is informed and believes and thereon alleges that on the early afternoon of July 13, 2007, EVA DANIELSEN departed San Francisco, California, en-route to Portland, Oregon, loaded with cargo.

    11. Plaintiff is informed and believes and thereon alleges that on the late afternoon of July 13, 2007, EVA DANIELSEN entered the fishing grounds off Point Reyes with visibility near zero following various courses in a north-northwesterly direction and traveling at a speed which was unsafe for the circumstances.

    12. At approximately 5:00 p.m. on July 13, 2007, while at the approximate location of 37.59 degrees North Latitude and 123.07 degrees West Longitude, Plaintiff detected a large radar contact outbound from San Francisco Bay within one mile which appeared to be on a collision course with his vessel. Plaintiff immediately attempted radio contact. Coast Guard Vessel Traffic Service identified the vessel as EVA DANIELSEN. Radio contact was established between the two vessels. EVA DANIELSEN then initiated evasive action by altering course to avoid MARJA. Though the fog prevented visual observation, Plaintiff was able to hear engine and machinery noises of EVA DANIELSEN and felt her wake. Plaintiff observed by radar that she passed at close quarters.

    13. Plaintiff is informed and believes and thereon alleges that following the near miss with MARJA, EVA DANIELSEN continued on to collide with and destroy the nearby BUONA MADRE resulting in the death of her captain.

    14. Plaintiff is informed and believes and thereon alleges that following the collision EVA

1  DANIELSEN reported same by radio to the Coast Guard and following a brief search left the scene
2  and continued on course for Oregon.

3     15.  Following the report of the collision Plaintiff proceeded north of his position to assist in
4  looking for evidence of the reported collision and persons who may have been in the water.  During
5  this period Plaintiff heard radio traffic which expressed a belief that MARJA was the vessel that had
6  been run down.  Plaintiff advised all concerned by radio that MARJA had not been struck.  The search
7  was thereafter suspended and Plaintiff resumed fishing.

8     16.  On or about July 17, 2008 and thereafter, Plaintiff learned from other fishermen that the
9  incident in which he was involved had resulted in the death of BUONA MADRE's captain, Paul
10 Wade, and that Wade had apparently been alive and floating in the water near where Plaintiff was
11 fishing.

**FIRST CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(General Maritime Law)

14    17.  Plaintiff realleges and incorporates by reference each and every allegation above stated
15 with the same force and effect as if the same were again set forth in full.

16    18.  Defendants, REDERIET OTTO DANIELSEN, A.S., K/S ARIES SHIPPING and
17 MARINCONSULT SHIP MANAGEMENT owed Plaintiff a duty to exercise due care under the
18 circumstances to avoid exposing Plaintiff to an unreasonable risk of harm.

19    19.  Plaintiff is informed and believes and thereon alleges that by reason of the premises
20 aforesaid, defendants, REDERIET OTTO DANIELSEN, A.S., K/S ARIES SHIPPING and
21 MARINCONSULT SHIP MANAGEMENT failed to exercise reasonable care under the
22 circumstances and thereby caused EVA DANIELSEN to nearly collide with MARJA and to collide
23 with BUONA MADRE killing her captain and legally causing the injuries and damages to Plaintiff as
24 herein alleged.

25    20.  Plaintiff is informed and believes and thereon alleges that this failure of defendants and
26 each of them to exercise reasonable care included but was not limited to the following:

27       a.  Failure of to man EVA DANIELSEN with an adequate and competent master,

        officers and crew;

    b. Failure to take adequate precautions while proceeding in restricted visibility;

    c. Failure to sound proper fog signals;

    d. Proceeding at an excessive speed under the circumstances;

    e. Failure to maintain a proper lookout;

    f. Failure to properly monitor and plot vessel traffic by radar;

    g. Failure to maintain radar equipment in proper working order;

    h. Failure to chart a proper course;

    i. Failure to yield right of way to vessels fishing;

    j. Failure to reduce speed to steerageway in a close quarters situation; and

    k. Failure to properly maneuver the vessel to avoid a collision.

21. Plaintiff is informed and believes and on that ground alleges that the actions of REDERIET OTTO DANIELSEN, A.S., K/S ARIES SHIPPING and MARINCONSULT SHIP MANAGEMENT as aforesaid were in violation of, *inter alia*, the following provisions of the Convention on the International Regulations for Preventing Collisions at Sea, 1972, ratified by the United States and adopted by the International Navigation Rules Act of 1977, 33 U.S.C. 1601 - 1608, as amended, and commonly known as COLREGS: Rules 5, 6, 7, 8, 18, 19 and 35.

22. By reason of the foregoing Plaintiff was placed in grave and imminent risk of death or great bodily harm, and as a result suffered and continues to suffer great physical, mental, and nervous pain and suffering, stress and anxiety, all to his general damage in an amount to be proved at trial.

23. As a further legal result of the foregoing Plaintiff was required to and did employ physicians and surgeons to examine, treat and care for him, and incurred medical and incidental expenses, and will in the future incur medical and incidental expenses all in an amount to be proved at trial.

24. As a further legal result of the foregoing Plaintiff was prevented from attending to his usual occupation and thereby has lost earnings and benefits, and will lose future earnings and benefits and earning capacity all in an amount to be proved at trial.

25. The acts and omissions of defendants, REDERIET OTTO DANIELSEN, A.S., K/S ARIES SHIPPING and MARINCONSULT SHIP MANAGEMENT set forth above, and in particular in transiting a known fishing ground in near zero visibility with a loaded commercial freighter without taking proper precautions, and at an excessive speed were grossly negligent and carried on with criminal indifference and a reckless and callous disregard for the safety of Plaintiff and other vessels and mariners in the area thereby entitling Plaintiff to punitive and exemplary damages in an amount to be determined.

WHEREFORE, Plaintiff prays judgment against the defendants as follows:

1. General damages according to proof but presently claimed at $500,000;

2. Special damages as herein alleged according to proof but presently claimed at $50,000;

3. Punitive damages in an amount according to proof but presently claimed at $1,000,000;

3. The costs of suit;

4. Prejudgment interest; and

5. For such other and further relief as to the court seems proper.

Dated: October 9, 2008

LAW OFFICES OF JOHN J. HUGHES


By: _____/S/_____
           John J. Hughes

First Amended Complaint for Damages
Case No.: C 08 3586                                                                                 6