John J. Hughes, Cal. State Bar #96481
LAW OFFICE OF JOHN J. HUGHES
Number One Cathedral Hill Tower
1200 Gough Street
San Francisco, CA  94109
(415) 928-4200
(415) 928-4264 Fax
Email: sealawyer@sbcglobal.net
Attorney for Plaintiff
Brian Stacy

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski, SBN 64880
Jared A. Washkowitz, SBN 226211
49 Stevenson Street, Suite 400
San Francisco, California 94105
Telephone: (415) 227-9455; Fax: (415) 227-4255
Email: jtamulski@edptlaw.com
Attorneys for Defendants Rederiet Otto Danielsen,
and K/S Aries Shipping

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LORI WADE,<br><br>　　　　　Plaintiff,<br><br>　- vs -<br><br>TSCHUDI SHIPPING COMPANY A.S., *et al.*<br><br>　　　　　Defendants. | CASE NO.:  C 07 05487 CW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>[F.R.C.P. 26(f)]<br><br>Date: January 15, 2009<br>Time: 2:00 P.M.<br>Place: Courtroom 2, 4th Floor |
| BRIAN STACY,<br><br>　　　　　Plaintiff,<br><br>　- vs -<br><br>REDERIET OTTO DANIELSEN, A.S., *et al.*<br><br>　　　　　Defendants. | |

---

Joint Case Management Conference Statement
Case No.: C 07 05487 CW                                                                                                           1

1    Plaintiff STACY and defendants REDERIET OTTO DANIELSEN, A.S.("REDERIET") and
2 K/S ARIES SHIPPING (K.S. ARIES) jointly submit this initial Case Management Conference
3 Statement in accordance with the Court's Case Management Conference Order.

4    1.    Jurisdiction and Service:

5    Plaintiff Brian Stacy's claims arise under the General Maritime Law.  The complaint has been
6 filed in diversity, on the Civil Side of the Court under the "saving to suitors" clause and 28 U.S.C. §§
7 1332(a)(2) and 1333(1), on the ground that Plaintiff is a citizen of the State of California while
8 defendants are subjects of a foreign state.

9    The parties do not dispute the jurisdiction of this Court.

10    Defendants REDERIET and K.S. ARIES have been served.

11    Defendant MARINCONSULT SHIP MANAGEMENT (herein "MARINCONSULT") is a
12 foreign subject which must be served under the provisions of the Hague Convention.  It has not yet
13 appeared in this action.

14    2.    Facts:

15    On July 13, 2007 the cargo vessel EVA DANIELSEN was traveling in waters approximately
16 six miles off the coast of Point Reyes, California *en route* from Oakland, California to Portland,
17 Oregon.  Plaintiff STACY was fishing in that area aboard his 32 foot commercial fishing vessel
18 MARJA.  The weather was foggy and visibility poor.

19    Plaintiff STACY alleges that he was fishing with a fleet of other vessels with his fishing gear
20 deployed and moving at approximately 3 knots so that he was restricted in maneuverability.  At
21 approximately 5 p.m. he spotted a large radar contact within one mile of his position on a collision
22 course with his vessel and with the help of the Coast Guard Vessel Traffic Service he was able to
23 make radio contact with the vessel.  The vessel was identified as EVA DANIELSEN and she advised
24 that she was changing course to avoid MARJA.  EVA DANIELSEN passed so close to MARJA that
25 STACY was able to hear engine and machinery noises and feel her wake.  He saw by radar that the
26 ship passed close aboard, though the fog prevented visual observation.  EVA DANIELSEN then
27 continued on to collide with BUONA MADRE killing its owner/operator Paul Wade.

28

STACY alleges that EVA DANIELSEN was being operated in a negligent and reckless manner in that she entered a crowded fishing ground in near zero visibility at an unsafe speed, without sounding appropriate fog signals, without proper lookouts, without keeping a proper radar watch and plotting radar contacts, and otherwise in violation of applicable collision regulations and that this negligent and reckless conduct placed him at risk of immanent serious physical injury or death.  STACY further alleges that in reporting the collision EVA DANIELSEN mistook MARJA for the vessel it had collided with and that STACY'S report that he had not been hit by the freighter was instrumental in the decision to abandon the search prematurely, and consequently instrumental in Paul Wade's death.

Defendants deny Plaintiff STACY's allegations and contend that Plaintiff STACY cannot state a claim for Negligent Infliction of Emotional Distress because he was never within a zone of danger, he was in contact and made successful passing arrangements with the EVA DANIELSEN,  He did not witness the EVA DANIELSEN's alleged collision with the BUONA MADRE, and he did not learn about the alleged collision until several days after the fact.

Defendants REDERIET and K.S. ARIES are the managing ship owner and ship owner and of the EVA DANIELSEN.

Defendant MARINCONSULT is a Croatian company that provided the crew.

The parties anticipate the following factual issues, subject to revision/expansion as discovery continues:

(a) Whether Defendants REDERIET and K.S. ARIES were operating the EVA DANIELSEN negligently at the time of the collision;

(b) Whether Defendants REDERIET and K.S. ARIES were operating the EVA DANEILSEN in violation of the 1972 COLREGS, 33 U.S.C.A. § 1602 (including but not limited to Rules 5, 6, 7, 8, 18, 19, or 35) at the time of the incident;

(c) Whether Defendants REDERIET and K.S. ARIES were operating the EVA DANIELSEN with gross negligence or in reckless disregard of the safety of others at the time of the incident;

(d) Whether the Defendants REDERIET and K.S. ARIES' alleged wrongs were a legal cause of STACY'S emotional injuries;

(e) Whether Plaintiff STACY has suffered any loss or damages as a legal consequence of Defendants' negligence, if any, and if so, in what categories and amounts;

(f) Whether Defendants REDERIET and K.S. ARIES, or any of them, should be held liable for punitive damages, and if so, in what amount.

(g) Whether Plaintiff STACY was operating the MARJA negligently prior to the alleged incident;

(h) Whether the Plaintiff STACY was operating the MARJA in violation of the 1972 COLREGS, 33 U.S.C.A. § 1602;

(i) Whether Plaintiff STACY'S alleged wrongs were a legal cause of his emotional injuries;

(j) Whether Defendant MARINCONSULT was negligent in hiring the crew of the EVA DANIELSEN;

(k) Whether Plaintiff STACY was within a 'zone of danger' at any point in time; and

(l) Whether Plaintiff STACY witnessed harm or peril to another at any point in time.

3. <u>Legal Issues</u>:

The parties presently anticipate the following legal issues, subject to revision/expansion as discovery continues:

(a) Whether and under what standard Plaintiff STACY can state a cause of action for negligent infliction of emotional distress under the general maritime law (this issue is the subject of Defendants' motion to dismiss under Rule 12(b)(6) and an order is pending);

(b) Whether the Defendants REDERIET and K.S. ARIES or Plaintiff STACY should be subject to the "burden shifting" Pennsylvania Rule;

(c) Whether, and to what extent, superseding causes contributed to the incident;

(d) The extent to which Plaintiff STACY'S damages, if any, should be reduced as a result of his negligence, if any;

1     (e)    Whether Defendants REDERIET and K.S. ARIES are entitled to limit their liability
2 under 46 U.S.C.A. §30511;
3     (f)    Whether the master of the EVA DANIELSEN was a "managerial agent" of Defendants
4 REDERIET and K.S. ARIES within the meaning of *Protectus Alpha Nav. Co., Ltd. v. North Pacific*
5 *Grain Growers, Inc* 767 F.2d 1379 (9th Cir. 1985) and.Restatement of Torts (2d) § 909;
6     (g)    The proportionate share of fault attributable to Defendant MARINCONSULT, if any;
7 and
8     (h)    The extent to which Plaintiff STACY'S damages, if any, should be reduced as a result
9 of the negligence of any other person or entity.
10     4.    <u>Motions</u>:
11     Plaintiff STACY anticipates filing a motion to compel Defendants REDERIET and
12 K.S. ARIES to post a bond as a condition of seeking limitation or exoneration as an affirmative
13 defense herein.
14     Defendants' Motion to Dismiss the complaint of Plaintiff STACY was heard on
15 December 18, 2008, and an order is pending.
16     5.    <u>Amendment of Pleadings</u>:
17     The parties are awaiting the Court's order on Defendants' Motion to Dismiss. Plaintiff
18 may amend his complaint in response to that order if necessary.
19     6.    <u>Evidence Preservation</u>:
20     Plaintiff has taken steps to preserve such evidence as is in his possession.
21     7.    <u>Disclosures</u>:
22     Defendants REDERIET and K.S. ARIES and Plaintiff STACY have not exchanged Initial
23 Disclosures and have agreed to defer disclosures pending receipt of the Court's order on Defendants'
24 Motion to Dismiss which was heard on December 18, 2008.
25     8.    <u>Discovery</u>:
26     Initial discovery will await receipt of the Court's order on Defendants' Motion to
27 Dismiss and Plaintiff's decision to amend his complaint if necessary. Difficulties expected once
28

discovery commences have been discussed in detail in the Case Management Statement filed in the Wade case.

        Plaintiff STACY expects to conduct the following discovery:

           (1) Depositions of the master, navigator, and personnel assigned to the bridge and engineering watches of EVA DANIELSEN at the time of the event;

           (2) Depositions of fishermen and others who were present in the vicinity of the incident;

           (3) Depositions (PMK) of defendants;

           (4) Depositions of certain personnel involved in the collision investigation which may include Coast Guard personnel;

           (5) Interrogatories, requests for admission and document production requests to all defendants; and

           (6) Inspection of EVA DANIELSEN.

        With regard to Fed.R.Civ.P. 26(f)(1), the parties refer to the pervious section regarding when initial disclosures will be exchanged.

        With regard to Fed.R.Civ.P. 26(f)(2), the parties anticipate discovery will be focused on the actions of the crew of the EVA DANIELSEN, Plaintiff STACY, Paul Wade, the Coast Guard, and other fishermen before, during, and after the alleged collision and STACY'S damages.

        With regard to Fed.R.Civ.P. 26(f)(3) and (4), Plaintiff STACY believes it is likely that difficulties in obtaining deposition testimony and document production will necessitate modification of the limits on discovery set forth in the Rules. The parties do not believe that a discovery conference, discovery order, or limitations on discovery are necessary at this time, but may wish to petition the Court for such at a later date if deemed necessary. The parties believe that all discovery and trial deadlines that were previously set by the Court in the Wade matter may have to be continued for nine to twelve months.

/ / /

/ / /

9. <u>Class Actions:</u>

Not applicable.

10. <u>Related Cases:</u>

This case was previously related to Plaintiff Wade's case and the cases have since been consolidated under Fed.R.Civ.P. 42.

11. <u>Relief:</u>

Plaintiff STACY seeks damages under the General Maritime Law for negligent infliction of emotional distress. Economic damages consist of medical expenses for treatment of depression and possible post traumatic stress syndrome and loss of earnings. STACY also claims general damages including emotional distress, fear and anxiety. Defendants REDERIET and K.S. ARIES contend that STACY cannot state a claim under the facts alleged.

12. <u>Settlement and ADR:</u>

Plaintiff STACY and Defendants REDERIET and K.S. ARIES have submitted the ADR Certifications required by ADR Local Rule 3-5(b). A mediation completion date is presently set for March 27, 2009 in the Wade matter. Plaintiff STACY proposes that this deadline be extended to July 31, 2009.

13. <u>Consent to Magistrate Judge for All Purposes:</u>

Defendants REDERIET and K.S. ARIES cannot agree to proceed before a Magistrate Judge.

14. <u>Other References:</u>

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>

The parties believe that they may be able to narrow the factual and legal issues prior to trial, but this depends on the information obtained through discovery.

///

///

1  16. <u>Expedited Schedule:</u>

Given the number of witnesses and complex nature of the factual and legal issues presented by this case, the parties do not believe this case can be handled on an expedited basis.

17. <u>Scheduling:</u>

The Court has previously ordered the following deadlines in the Wade matter:

Discovery cutoff – 2/2/09

Expert witness identification and reports- 2/2/09

Expert discovery cutoff – 2/27/09

ADR Completion date – 3/27/09

Final Pretrial Conference- 4/14/09

Trial – 5/4/09 @ 8:30 a.m.

Since all Defendants in this action are located outside of the United Sates, and given the aforementioned discovery problems, the Parties jointly request that these deadlines be pushed back **9-12 months**.

18. <u>Trial:</u>

Plaintiff STACY has demanded a jury trial.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

The parties have identified all interested entities or persons requires by L.R. 2-16.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20. <u>Other:</u>

The parties have no other recommendations at this time to facilitate a just, speedy and inexpensive disposition of this matter, but will keep these aims in mind at all times.

Dated: January 7, 2007            LAW OFFICES OF JOHN J. HUGHES


By: _____
　　　　John J. Hughes
　　　Attorney for Plaintiffs
[The filer of this document attests that concurrence in the filing of this document has been obtained from defendant's attorney below, and shall serve in lieu of his signature.]

Dated: January 7, 2007            EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP


By: _____/S/_____
　　　James J. Tamulski
　　　Jared A. Washkowitz
　　Attorneys for Defendants, Rederiet
　　Otto Danielsen, and K/S Aries Shipping

---

Joint Case Management Conference Statement
Case No.: C 07 05487 CW                                                                 9